### STEPHENS v. STEPHENS ET AL.

[No. 11,184. Filed November 29, 1921.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Dependent.—Child Living with Divorced Mother.*—Where the facts showed that a child's parents were divorced and custody of the child awarded to the mother, whose judgment for $100 for alimony and support of the child was paid, that the divorce judgment, was unmodified and that the child had lived with and been supported by the mother continuously since the divorce, except that the father had contributed annually not to exceed $50 during the last five years of his life, the child was not a "dependent" within §38 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918), as amended by Acts 1919 p. 158, providing that a child under eighteen years is conclusively presumed to be dependent upon a parent upon whom the laws of the state impose the obligation to support.

From Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Edith Helen Stephens and others against the Essenbee Mines Company. From a denial of an award to the named applicant, she appeals. *Affirmed.*

*George W. Wells, W. F. Elliott* and *George W. Payne,* for appellant.

*A. L. Miller* and *G. M. Crane,* for appellees.

BATMAN, J.—This appeal involves an award in favor of appellees Oval Stephens and Richard Charles Richmond, against their coappellee Essenbee Mines Company, growing out of the death of Shirley Stephens, one of its employes, and the denial of an award to appel-

lant. The finding of facts are sufficient to sustain the award in favor of appellees Stephens and Richmond, and in addition thereto contains the following:

"That the plaintiff, Edith Helen Stephens, is the daughter of the said Shirley Stephens; that the said Shirley Stephens and mother of Edith Helen Stephens were married on May 22, 1909; that the plaintiff Edith Helen Stephens was born March 2, 1910; that on the 15th day of June, 1911, the mother of Edith Helen Stephens obtained a divorce from said Shirley Stephens in the circuit court of Warrick County, Indiana; that by the judgment of the court in said divorce proceedings, the care and custody of Edith Helen Stephens was granted to her mother, until the further order of the court; that in said proceeding the mother of the said Edith Helen Stephens recovered a judgment against Shirley Stephens for $100.00 as alimony and for the support and maintenance of Edith Helen Stephens; that said judgment was paid in full by the said Shirley Stephens on June 15, 1911; that there has been no modification or change in the judgment rendered in said divorce proceeding on June 15, 1911; that continuously since the rendition of said judgment in said divorce proceeding the plaintiff, Edith Helen Stephens, has lived with her mother; that during the first five years after the granting of said divorce, the said Shirley Stephens made no contributions whatever to the support of Edith Helen Stephens; that during the last five years immediately prior to his death the said Shirley Stephens made contributions to the support of the said Edith Helen Stephens; that said contributions did not exceed $50.00 per year during said five years;  *   *   *   that aside from the contributions from Shirley Stephens during the last five years of his life, the plaintiff, Edith Helen Stephens, was supported from and after June 15, 1911, by her mother."

Appellant contends that under the facts found she must be conclusively presumed to be wholly dependent for support upon her deceased father Shirley Stephens, and that, therefore, the denial of an award of compensation in her favor is contrary to law. A determination of the question raised by this contention requires a consideration of §38 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918). This section, as originally enacted contains, among others, the following provision: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employe. * * * (c) A boy under the age of 18, or a girl under the age of 18 upon the parent with whom he or she is living at the time of the death of such parent, there being no surviving dependent parent. * * *" In 1919 the legislature evidently realized that under certain circumstances a child under 18 years of age should be conclusively presumed to be wholly dependent for support upon a deceased parent, although such child might not be living with such parent at the time of his or her death, and amended said section so that it now contains the following provisions with reference to a child under 18 years of age:

"The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

"(c). A child under the age of eighteen years upon the parent with whom he or she is living at the time of the death of such parent.

"(d). A child under eighteen years upon the parent with whom he or she may not be living at the time of the death of such parent, but upon whom, at such time, the laws of the state impose the obligation to support such child." Acts 1919 p. 158, 165. Appellant con-

tends that there are a number of statutes in this state which impose a legal obligation upon a father to support his minor child, and ·therefore she was entitled to share in the award of compensation made in this case, by reason of the death of her father as stated in the finding of facts, by virtue of said subdivision d, *supra*. We cannot agree, that the mere fact of the existence of the statutes to which appellant refers, imposes an obligation upon a parent to support his child, so as to bring said subdivision d, *supra,* into operation in every instance, where such parent meets his death under such circumstances as to warrant an award of compensation against his employer. If such were the case, there would be no occasion for the limitations found in said subdivisions c and d, *supra,* but a general provision, that every child under the age of eighteen years shall be conclusively presumed to be wholly dependent for support upon his or her parent, would have sufficed, and no doubt would have been employed. We therefore conclude that the limitations found in said subdivisions, *supra,* are significant. While it is true, as appellant contends, that the several statutes of our state impose a legal obligation on a father to support his minor child, the existing facts may be such, as to so far suspend such obligation, that a failure to support such child will create neither a legal nor a criminal liability against him. In such event said subdivision d, *supra,* would have no application. An illustration of such circumstances may be found in a case where the parents of a minor child have been divorced, and the custody of such child has been awarded to the mother, who is amply able to support and educate it, without any provision having been made requiring the father to contribute thereto, or if such a provision was made it has been fully met, and the child is being properly supported and educated by the mother. *Husband* v. *Husband* (1879), 67 Ind. 583,

33 Am. Rep. 107; *Ramsey* v. *Ramsey* (1889), 121 Ind. 215, 23 N. E. 69, 6 L. R. A. 682; *Hedrick* v. *Hedrick* (1891), 128 Ind. 522, 26 N. E. 768; *Tobin* v. *Tobin* (1902), 29 Ind. App. 382, 64 N. E. 624. In the instant case the finding of facts shows that appellant's parents were divorced; that her care and custody was awarded to her mother until the further order of court; that a judgment was rendered against her father and in favor of her mother for $100, as alimony and for the support and maintenance of appellant, which was paid on the date of its rendition; that there has been no modification or change of the judgment rendered in said divorce proceeding; that appellant has lived with her mother continuously since said divorce was granted, and has been supported by her, aside from annual contributions thereto, not exceeding $50, made by her father during the last five years of his life. These facts fail to show that the laws of this state imposed any obligation upon said Shirley Stephens to support appellant, within the meaning of said subdivision d, *supra*, at the time he met his death. Circumstances may have existed, notwithstanding such decree and the absence of any modification thereof, under which the law would have imposed such an obligation, but the evidence is not in the record, and its sufficiency to sustain the finding is not challenged. Finding no reversible error in the record, the award is affirmed.