MIAMI COAL COMPANY *v.* PESKIR ET AL.

[No. 11,636. Filed June 7, 1923.]

1. PARENT AND CHILD.—*Parents' Duty to Support.—Statutes.*—Sections 2635-2638 Burns 1914, Acts 1913 p. 956, Acts 1909 p. 160 and §§2635a-2635d Burns' Supp. 1921, Acts 1915 p. 634, Acts 1915 p. 139, making a father liable to a criminal prosecution for failure to support his children, do not take away or lessen a legal obligation of a father to support his minor children. p. 119.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Dependents.—Nonresident Alien Children Entitled to Compensation.*—Where the deceased, a foreigner, before coming to this country, arranged with his brother to care for his minor children and promised to send money for their support, *held* that the deceased was liable under the laws of this state for their support, and therefore under §38 of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921, such children are presumed to be wholly dependent and entitled to compensation, though nonresident aliens. p. 119.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Presumption.—Proof of Amount Necessary for Support Unnecessary.*—Where minor children of a deceased employe are conclusively presumed to be dependent within §38 of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921, proof of the amount necessary for their support is unnecessary. p. 121.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Briefs.—Waiver of Error.*—Questions not raised before the Industrial Board nor presented in appellant's brief will be deemed waived. p. 121.

From the Industrial Board of Indiana.

Proceeding for compensation under the Workmen's Compensation Act by Milka Peskir and another against the Miami Coal Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor, William H. Bridwell* and *George W. Buff,* for appellant.

*Defrees, Buckingham & Eaton, Peter B. Nelson* and *Dumas V. McFall,* for appellee.

McMAHAN, C. J.—Nikola Peskir, while in the employ of appellant in a coal mine in Vigo county received an injury arising out of and in the course of his employment and which resulted in his death. He left surviving him two children under the age of eighteen years neither of whom ever resided in the United States, both of them being citizens and residents of the kingdom of the Serbs, Croats and Slovenes. The Industrial Board found said children were wholly dependent upon their father for support and awarded them compensation at the rate of $13.20 per week during their dependency, not exceeding 300 weeks.

Appellant filed an answer: (1) of general denial; and (2) that said children were aliens and not entitled to compensation under the provisions of the Workmen's Compensation Act.

Appellant appeals and contends: (1) that appellees being nonresident aliens are not entitled to an award of benefits under the Workmen's Compensation Act; (2) that the laws of this state did not impose any obligation on Nikola Peskir (he being an alien) to support appellees also aliens and who at the time of his death and for many years prior thereto were living apart from him in a foreign country; (3) that appellees are not within the class of persons conclusively presumed to be wholly dependents, under §38 of the Workmen's Compensation Act; that the question of their dependency was a question of fact, and that the evidence is not sufficient to sustain a finding that they were totally dependent on their father at the time of his death.

The facts as disclosed by the undisputed evidence are, in substance, as follows: Prior to 1913, Nikola Peskir was a citizen of and resided in Hungary. He came to this country in 1913, at which time he had five children all of whom remained in Hungary. None of these children ever came to the United States. Under a treaty between Hungary and the kingdom of the Serbs, Croats and Slovenes ratified October 16, 1920, that part of Hungary where Nikola Peskir had resided and where appellees have at all times resided was ceded to and became a part of the kingdom of the Serbs, Croats and Slovenes. No formal treaty of any kind has ever been entered into between the government of the United States and the kingdom of the Serbs, Croats and Slovenes, although the latter country has been recognized by the government at Washington as an independent nation.

Nikola Peskir's wife, the mother of appellees, died in 1912, or prior thereto. Nikola Peskir continued to reside in the United States from 1913, until October 29, 1920, when he died as the result of an injury received by him on that day, and which injury arose out of and

in the course of his employment.   When he came to this country, he arranged with a brother in Hungary to take charge of appellees and promised to send him money for their care.   He sometimes sent money to this brother and sometimes to his oldest son for the purpose of taking care of appellees, both of whom are girls.  Appellees have no property and the evidence is sufficient to warrant the assumption that they were not working and had no income.   The brother of Nikola, with whom the latter made arrangements to look after the children testified that he "supported Milka and Ruzica Peskir up to the beginning of the war in 1914 and that after that time his mother supported them;" that at the present time they were living with their oldest brother; that in 1920, Nikola had sent this witness $315 for the support of the children.   The oldest brother of appellees testified that in 1920 he received remittances from his father aggregating $309 for the care of appellees, and that his father instructed him to buy food and clothing for them and to see that they were kept in school, and that he used the money which he received from his father for that purpose.

Section 38 of the Workmen's Compensation Act, Acts 1919 p. 158, §8020v1 Burns' Supp. 1921, provides that a child under the age of eighteen is conclusively presumed to be dependent (1) upon the parent with whom such child is living at the time of the death of such parent, (2) upon the parent with whom such child is not living at the time of the death of such parent, but upon whom the laws of their state impose the obligation to support such child.

Appellant refers to §§2635-2638 Burns 1914, Acts 1913 p. 956, Acts 1909 p. 160, and to §§2635a-2635d Burns' Supp. 1921, Acts 1915 p. 654, Acts 1915 p. 139, making a father liable to a criminal prosecution for failing and neglecting to care for and support his children

under certain conditions, and contends: (1) that the obligations imposed by these sections upon a parent to support his children are for the purpose of protecting them from becoming public charges and that these sections are not intended to affect citizens of foreign countries not residing in this country; (2) that the laws of this state did not impose any obligation on the deceased employe to support appellees.

The criminal offenses created by the above statutes are such as the law deems pernicious to the public morals and likely to subject the public to charges

1. for the maintenance of the deserted-or neglected wife or child. These statutes do not take away or lessen any legal obligation of a father to support his minor children. *State* v. *Langdon* (1902), 159 Ind. 377, 65 N. E. 1.

It may be conceded that circumstances may arise under which a father is under no legal obligation to support a minor child. *Stephens* v. *Stephens* (1921), 76 Ind. App. 687, 132 N. E. 747. No such a state of facts is shown to exist in the instant case as will justify us in holding that the deceased employe was not legally liable for the support of appellees.

Before coming to this country, Nikola Peskir, recognized a moral, if not a legal obligation to maintain and support appellees and made arrangements with

2. his brother to take charge of them and promised to send this brother money for that purpose. Nikola Peskir under this agreement became legally liable to his brother for the necessary cost of supporting appellees, and the brother could have maintained an action against the father under the law as administered in Indiana to recover compensation for such care. The evidence is also sufficient to support a finding that the father was legally liable to pay his son for the support of appellees. The father thus being obligated to support

appellees they are under the statute conclusively presumed to have been wholly dependent upon him for support and entitled to an award as dependents unless they are excluded from the benefits by reason of being nonresident aliens.

It has been held that aliens who are residents of friendly nations and who are dependents and otherwise within the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921, are not barred from compensation solely by reason of alienage, unless the statute specifically excludes them. *Mulhall* v. *Fallon* (1900), 176 Mass. 266, 57 N. E. 386, 54 L. R. A. 934, 79 Am. St. 309; *In re Derinza* (1917), 229 Mass. 435, 118 N. E. 942; *McGovern* v. *Philadelphia, etc., R. Co.* (1914), 235 U. S. 389, 35 Sup. Ct. 127, 59 L. Ed. 283; *Cetofonte* v. *Camden Coke Co.* (1909), 78 N. J. Law 662, 75 Atl. 913, 27 L. R. A. (N. S. )1058; *Atchinson, etc., R. Co.* v. *Fajardo* (1906), 74 Kans. 314, 86 Pac. 301, 6 L. R. A. (N. S.) 681; *Kellyville Coal Co.* v. *Petraytis* (1902), 195 Ill. 217, 63 N. E. 94, 88 Am. St. 191; *Victor Chemical Works* v. *Ind. Board* (1916), 274 Ill. 11, 19, 22, 113 N. E. 173, Ann. Cas. 1918B 627; *Guianios* v. *DeCamp Coal Co.* (1909), 242 Ill. 278, 89 N. E. 1003; *Western Metal Supply Co.* v. *Pillsbury* (1916), 172 Cal. 407, 156 Pac. 491, Ann. Cas. 1917E 390; *Philpott* v. *Missouri, etc., R. Co.* (1884), 85 Mo. 164; *Chesapeake, etc., R. Co.* v. *Higgins* (1887), 85 Tenn. 620, 4 S. W. 47; *Augusta, etc., R. Co.* v. *Glover* (1892), 92 Ga. 132, 18 S. E. 406; *Luke* v. *Calhoun County* (1875), 52 Ala. 115.

There being nothing in the language of the Workmen's Compensation Act, *supra,* to indicate an intention to exclude dependent aliens from the benefits of the law, we hold in accordance with the above authorities, that appellees are not barred from compensation by reason of alienage.

Appellees being conclusively presumed to be depend-

ents of the deceased employe, there was no necessity to introduce any evidence as to the requirements. of appellees or the amount reasonably necessary for their support. As was said by this court *In re Carroll* (1917), 65 Ind. App. 146, 116 N. E. 844, in speaking of the conclusive presumption of dependency, "Where the situation exists that gives rise to the presumption, there can be no further inquiry regardless of what the facts are."

In the oral argument appellant placed considerable emphasis upon the fact that the kingdom of the Serbs, Croats and Slovenes had not been recognized by our government as a separate and independent nation until after the filing of the application before the Industrial Board for an award, and that there had never been any treaty between that kingdom and the United States.

In view of this situation, appellant contended that appellees had no right to maintain or prosecute their application for an award. This question was not raised before the board nor did appellant in its brief filed herein present this question. We will therefore treat it as having been waived, and we refrain from expressing any opinion as to whether the treaty entered into between this country and the kingdom of Serbia at Belgrade in 1881 (22 Stat. at L. 962) is applicable.

We hold that appellees are not barred from the benefits of the Workmen's Compensation Act, *supra,* because they are nonresident aliens and that under the facts in this case they are conclusively presumed to have been wholly dependent upon their father for their support. The fact, if it be the fact, that they were in part dependent upon others for support, is immaterial.

The award is affirmed.