## WESTERN INDIANA GRAVEL COMPANY v. ERWIN, GUARDIAN.

[No. 12,452. Filed October 27, 1925. Rehearing denied December 17, 1925.]

MASTER AND SERVANT.—*Children whose custody was awarded to mother on divorce of parents not dependents of father within Workmen's Compensation Act.*—Children whose custody was awarded to their mother on her obtaining a divorce from their father, and who thereafter lived with and were supported by the mother, were not dependents of the father within the meaning of subdivision (d) of §9483 Burns 1926, §8020v1 Burns' Supp. 1921, so as to be entitled to compensation on the father's injury and death.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Clara Erwin as guardian of Bernice E. Erwin and Olive M. Erwin against the Western Indiana Gravel Company. From an award for claimant, the defendant appeals. *Reversed.* By the first division.

*Turner, Adams, Merrell & Locke,* for appellant.

*Raymond M. Robertson* and *Roy C. Street,* for appellee.

THOMPSON, J.—Appellee filed a claim for compensation and the board made an award of $13.20 per week for a period of 300 weeks, and also made provision for burial expenses and attorney fees, from which award, appellant appealed.

The evidence in the case shows that Clara Erwin and William E. Erwin were husband and wife, and had, as the fruits of their marriage, three children, namely, Charles Erwin, Bernice E. Erwin and Olive M. Erwin; that said husband and wife separated in the year 1910 and never after that time lived together as husband and wife; that in January, 1918, Clara Erwin was granted a divorce from William E. Erwin by the Tippecanoe Circuit Court, and was awarded the care and custody of the three minor children aged as follows: Charles, age 16, Bernice E. Erwin, age 10, and Olive M. Erwin, age 8; that thereafter Clara Erwin and her three children lived together on a farm and she, with the aid and assistance of her children, supported themselves; that William E. Erwin was in the west, and Clara, his former wife, did not hear from him or know concerning his whereabouts until in March, 1924, at which time he came to the home of Clara Erwin, where he remained and worked on the farm until about the last of June; that he made small gifts to the girls and gave Charles money several times with which to buy

gasoline; that he also offered Bernice Erwin $100 to support her in school, but she would not accept it, and he then gave it to Olive Erwin to help her in school; that he left the farm on June 29, 1924, and went to Lafayette and worked in the gravel pit until his death on August 8, 1924; that he had in the bank in Lafayette at the time of his death the sum of $450, and it was so arranged that his former wife and children could draw on the account; that on August 8, 1924, William E. Erwin and a number of other employees were working for appellant in the gravel pit when a rain came up and the foreman ordered them to "get in out of the rain," and they went under a steam shovel and remained there but a short time when William E. Erwin and another man were killed by a stroke of lightning.

Appellee introduced several witnesses in the case, and at the close of appellee's evidence, appellant offered and read in evidence the decree in the divorce case.

Appellant earnestly insists: (1) That the evidence does not show that the fatal injury to William Erwin, deceased, employee of this appellant, was by an accident arising out of his employment; (2) that Bernice E. Erwin and Olive M. Erwin were not dependents of William Erwin at the time of his fatal injury and death.

It will not be necessary to pass on the first proposition, as the view we take of the second determines the controversy. In this case, the mother of these children was awarded their care and custody in 1918. Section 9483 Burns 1926, §8020v1 Burns' Supp. 1921, provides: "The following persons shall be conclusively presumed to be wholly dependents for support upon a deceased employee: (d) A child under eighteen years upon the parent with whom he or she may not be living at the time of the death of such parent, but upon whom, at such time, the laws of the state impose the obligation to support such child."

Under the evidence as shown in this case, was it the duty of William E. Erwin, under the law, to support these two daughters. for whom compensation is asked?

In the case of *Husband* v. *Husband* (1879), 67 Ind. 583, 33 Am. Rep. 107, quoting from page 584, this question is asked: "Does the law imply an obligation on the part of the father to pay the former wife for her support and maintenance of the minor child or children of the marriage, where she has obtained a divorce from him, and has, in the decree, been awarded the custody of such child or children?" The court said: "This question must, we think, be answered in the negative. The right of the parent to the services of the child, and the obligation of maintenance devolving upon the parent, have been said to be reciprocal rights and obligations." Quoting from the same opinion, the court said: "The true legal principle applicable to cases of this kind seems to be, that the right to the services of the children and the obligation to maintain them go together; and, if the assignment of the custody to the wife extends to depriving the father of his claim to their services, then he cannot be compelled to maintain them otherwise than in pursuance of some statutory regulation." (Also, see, *Stephens* v. *Stephens* [1921], 76 Ind. App. 687, 132 N. E. 747.)

Under the law as applied to the facts in evidence in this case, we hold that Bernice E. Erwin and Olive M. Erwin were not dependents of William E. Erwin under the provisions of the Workmen's Compensation Law, and this cause should be reversed.

Judgment reversed.