JOHNSON ET AL. *v.* LEWIS ET AL.

[No. 13,295. Filed October 5, 1928.]

S. C. *Kivett*, for appellants.

*J. S. White*, *Burrell Wright* and *Edward J. Boleman*, for appellees.

REMY, J.—On her complaint, Sylvia Johnson was granted a divorce from her husband, Archie Johnson, and as a part of the decree was awarded the custody of their daughters Geraldine and Irene, aged respectively thirteen and twelve, and the defendant was ordered to pay a specified sum per week for the support of the daughters. Sylvia Johnson remarried, after which the daughters lived with her and her second husband. Later, Archie Johnson lost his life as the result of an accident which arose out of and in the course of his employment by appellee Lewis. Following the death of their father, Geraldine and Irene, appellants herein, filed with the Industrial Board their application for compensation claiming total dependency. At the hearing of the application, the evidence, without conflict, established the above facts, and the board found for appellants, but limited the award to the amount fixed by the divorce decree. Whether the award should have been so limited is the only question for determination by this court.

It is contended by appellants that the decree granting the divorce imposed upon their father, the deceased, the obligation wholly to support them while in the custody of their mother, and that, therefore, they were, as a matter of law, wholly dependent upon their father within the meaning of that term as the same is used in the compensation act. We do not concur in that view. By its decree the court fixed the amount to be paid for support. Johnson, if living, except by a modification of the order, could not be required to pay a larger amount. The de-

cree definitely fixed his legal obligation, subject to modification by the court.

By §38 of the compensation act (Acts 1919 p. 165, §9483 Burns 1926), it is provided: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: . . . (d) A child under eighteen years dependent upon a parent with whom he or she may not be living at the time of the death of such parent, but upon whom, at such time, the laws of the state impose the obligation to support such child." Since Johnson could not, if living, be required to pay more than the amount fixed by the court order, can it be said that the laws of the state, at the time of his death, imposed upon him an obligation to pay more than that sum? To adopt the view of appellants would be to nullify the divorce decree.

The question as to whether the Industrial Board was authorized to make any award to appellants, in view of the fact that they at the time were stepchildren of their mother's second husband, is not raised or presented.

We hold that, under the facts of this case, the Industrial Board did not err in limiting the award to the amount for support fixed by the divorce decree. See *Stephens* v. *Stephens* (1921), 76 Ind. App. 687, 132 N. E. 747; *Western Indiana Gravel Co.* v. *Erwin, Gdn.* (1925), 84 Ind. App. 26, 149 N. E. 185; *Miller's Case* (1922), 244 Mass. 281, 138 N. E. 254.

Affirmed.