STATE OF INDIANA, EX REL. COOK *v.* WIDOLFF.

[No. 13,523.   Filed August 31, 1929.   Rehearing denied December 17, 1929.   Transfer denied February 26, 1930.]

*Charles A. Lowe,* for appellant.
*McMullen & McMullen,* for appellee.

McMAHAN, C. J.—Action by the State of Indiana, on relation of William Cook, to recover damages for breach of the official bond of appellee as township trustee of York Township, in Dearborn County, the breach alleged being the failure and refusal of the said trustee to transport the relator's children to and from school.

The complaint, after alleging that appellee had been elected trustee and had given a bond for the faithful performance of his duties, alleges: That the relator is and for many years has been a resident of said township and the father of several children between six and 16 years of age, all of whom lived with the relator and are residents of and domiciled in said township; that, when the relator as trustee took the enumeration of school children in April, 1927, by the consent and agree-

ment of the relator and said trustee, all of said children were enumerated in and as belonging to school district No. 1 in said township; that, pursuant to a petition filed in the office of county superintendent of schools in August, 1921, said school district was abandoned artd united with certain school districts in Miller Township in said county in building and erecting a consolidated schoolhouse, which was built in Miller Township and is now used by the patrons and pupils of school district No. 1 and is the only school provided for the accommodation of the children enumerated in said district; that said consolidated school is four and a half miles from the relator's residence; that said trustee has ample and sufficient funds appropriated according to law and available for his use for transporting all school children in York Township to school; and that, although requested so to do, he has refused to transport the relator's children to and from said consolidated school, that being the school which the children of school district No. 1 attend.

The second paragraph of complaint is the same as the first, except it omits the allegations relating to school district No. 1 and the enumeration of relator's children therein, and alleges that said children have, for many years, been residents of school district No. 2 in York Township; that the defendant, as trustee, with the consent and agreement of the patrons of that district, has enumerated many of the children belonging to that district in other districts; that the average attendance at that school for the last preceding school year and for a long time prior thereto has been fewer than 12 pupils, by reason of which, the school in said district No. 2 is an abandoned school; that school district No. 1 is an abandoned district; that the nearest public school not abandoned is more than one and a half miles from the residence of the relator and his children. This paragraph, like the first, alleges that district No. 1 was, on petition, abandoned

in 1921, and that the relator has been compelled to transport his children to and from said consolidated school, for which he demands judgment for damages.

A demurrer for want of facts was addressed to each paragraph of complaint and sustained, and, judgment being rendered for appellee, this appeal, appellant contending that, under the facts alleged in each paragraph, it was appellee's duty to transport said children to and from said consolidated school.

Appellant contends that by reason of the enumeration of his children in school district No. 1 they were attached, to that district for school purposes, and, being pupils of an abandoned school district, it was the duty of appellee as trustee to provide for their transportation to the consolidated school in Miller Township.

In support of this contention, appellant refers to §6853 Burns 1926, Acts 1921 p. 744, which provides that, where a school has been abandoned, the trustee shall provide and maintain means of transporation for all pupils of such abandoned school who live a greater distance than one and one-half miles from the school to which they are assigned. This section, however, is not controlling in the instant case. The complaint discloses that in 1921, pursuant to petition, school district No. 1 in York Township and school districts 3, 4, 5 and 10 in Miller Township were consolidated into a single consolidated school district for the purpose of constructing a consolidated schoolhouse; that such a schoolhouse was constructed in Miller Township; and that such consolidated school is now used by the patrons and pupils from said district No. 1. We assume the school districts mentioned were consolidated under the provisions of the acts of 1917, Acts 1917 p. 52, as amended in 1921, Acts 1921 p. 838, *et seq.*, §§6817-6822 Burns 1926. All school children residing in and attached to district No. 1 were, by virtue of such consolidation, transferred to and at-

tached to such consolidated school district, the schoolhouse of such consolidated district being located in a township other than the one in which the relator and his children resided. Appellant's children, although residing in York Township, were by the act of consolidation transferred to a school in another township in the same county. Our judgment is that §6853, *supra*, is not applicable to a case where a school district of one township has been abandoned by a consolidation with a school district in another township, and does not require that the trustee of the township in which the abandoned district was located must provide and maintain means of transporting the children to the school in the other township. We are not required to determine whether the trustee of Miller Township should, under the allegations of the first paragraph of the complaint, provide the means for transporting relator's children to the school located in his township. See §6933 Burns 1926.

If the relator's children had been enumerated in either district No. 1 or No. 2 in York Township and had been required to attend school in some other district in that township, there might be some merit in the contention that the trustee of York Township should provide the means of transportation.

The demurrer was correctly sustained.

Judgment affirmed.