DENNING ET AL. *v.* STAR PUBLISHING COMPANY.

[No. 14,534. Filed April 20, 1932.]

*Thomas P. Gallagher,* for appellants.

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke* and *James V. Donadio,* for appellee.

BRIDWELL, C. J.—Appellants filed their application for an award of compensation with the Industrial Board of Indiana, under the Workmen's Compensation Act of 1929 (Acts 1929, ch. 172, p. 536, §9446 *et seq.* Burns Supp. 1929), alleging, among other things, that one Lawrence A. Denning died on September 24, 1929, as a proximate result of personal injuries received by him on said date by reason of an accident arising out of and in the course of his employment by appellee.

The application was submitted to the Industrial Board, and, after a hearing by a member of said board, an award was made, following which an application for review by the full board was filed, and such board, upon hearing the cause, made its finding and award denying compensation to appellant, Marthella F. Denning, and awarding compensation to Lawrence A. Denning at the rate of $4.95 per week for a period of 300 weeks. From this award, appellants appeal, assigning as error that the award of the full Industrial Board is contrary to law.

The facts as found by the full Industrial Board are as follows: "That one Lawrence A. Denning was in

the employ of the defendant, Star Publishing Company, on the 24th day of September, 1929, at an average weekly wage in excess of $30.00; that on said date the said Lawrence A. Denning received an injury by an accident arising out of and in the course of his employment of which the defendant had knowledge; that the said Lawrence A. Denning died on the 24th day of September, 1929, as a result of the accidental injuries suffered by him on the same date; that on the 16th day of November, 1919, plaintiff herein, Marthella F. Denning, and Lawrence A. Denning, now deceased, were married; that on the 26th day of November, 1920, their son, Lawrence A. Denning, Jr., plaintiff herein, was born; that on the 9th day of September, 1927, a divorce was granted Marthella F. Denning in Superior Court, Vigo County, No. Two, under which decree Marthella F. Denning was given the custody of the minor son, Lawrence Denning, Jr., and Lawrence A. Denning, now deceased, was ordered to pay to the Clerk of Superior Court, Vigo County, No. Two, nine Dollars ($9.00) per week, same to be used for the maintenance and support of Lawrence A. Denning, Jr.; that said divorce decree and court order remained in full force and effect from the 9th day of September, 1927, until the time of the injury and death of Lawrence A. Denning on the 24th day of September, 1929."

Upon this finding, the board, as heretofore stated, entered its award denying to appellant Marthella F. Denning any compensation, and granting to Lawrence A. Denning compensation at the rate of $4.95 per week, for a period of 300 weeks, provided that he shall live during said period, and his dependency not terminate in any manner provided by the Indiana Workmen's Compensation Act. Compensation payments due, were, by said award, ordered paid to Marthella F. Denning, as

trustee for the said Lawrence A. Denning, under appointment of the Superior Court of Vigo County, Indiana.

The facts in this case are not in controversy. It is stipulated and agreed that, on September 24, 1929, Lawrence A. Denning was in the employ of appellee at an average weekly wage in excess of $30; that on said day he received personal injuries by reason of an accident arising out of and in the course of his employment, which caused his death on that day. It is further disclosed by the evidence, without any conflict therein, that appellant, Marthella F. Denning, and the deceased employee, Lawrence A. Denning, were married on November 16, 1919; that their son, (Lawrence A. Denning, Jr.), was born November 26, 1920; that, on June 17, 1927, appellant Marthella F. Denning filed an action for divorce against her husband, now the deceased employee; that, on September 9, 1927, said cause was tried by the court, both parties thereto being present in person and by counsel, and, as a result of such trial, a decree of divorce was granted to said appellant, and by said decree she was awarded the care and custody of the infant son Lawrence A. Denning, Jr., then seven years of age, and it was further ordered that Lawrence A. Denning, father of said child, pay into court, for its support, the sum of $9 per week, and that he be given the privilege of seeing said child at reasonable times, and that he pay the costs of the action; that the affidavit of residence filed with appellant's complaint for divorce was subscribed and sworn to by her on June 6, 1927, 11 days prior to the filing of the complaint; that no appeal was taken from the judgment entered in the divorce proceeding, and the validity of such judgment was never questioned by appellant Marthella F. Denning during the lifetime of the deceased employee; that, from and after the date of the judgment, said appellant

considered herself as divorced and never thereafter lived with the said Lawrence A. Denning nor did she in any way rely upon him for support or receive from him any maintenance or support; that the child of said marriage remained in the custody of its mother at all times after the granting of the divorce, and its father from time to time paid to the clerk of the court money for its ·support, the last payment being made on November 5, 1927; that thereafter the father paid to the mother direct about $100 for the support of the child and the balance of the support required was furnished by the mother; that the order for support was never changed or modified and was in force and effect when the father died. It is also stipulated and agreed that, at the time of filing of application for compensation, Marthella F. Denning was the duly appointed and acting trustee for her son, Lawrence A. Denning, Jr., under appointment of the Superior Court of Vigo County, Indiana.

Appellant Marthella F. Denning contends that the judgment of the Vigo Superior Court granting to her a divorce is void; that she is the widow of the deceased employee and, as such widow, entitled to compensation under §38 of the Workmen's Compensation Act (Acts 1929, ch. 172, p. 536), providing that a wife shall be conclusively presumed to be wholly dependent for support upon her husband when living with him at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time. She asserts that the Vigo Superior Court had no jurisdiction of the subject-matter in the divorce proceeding because of the fact that the residence affidavit required by statute was subscribed and sworn to by her 11 days before the complaint for divorce was filed, and appellant cites and relies upon the case of *Klepfer* v. *Klepfer* (1930), 173 N. E. (Ind.) 232, to sustain her contention,

In this case, we deem it unnecessary to decide as to whether the judgment in the divorce case is valid, void or voidable. This appellant invoked the jurisdiction of the Vigo Superior Court, obtained a decree of divorce, and thereafter, at all times until after the death of her husband, recognized the judgment as a valid one, accepting and enjoying all benefits flowing therefrom and neither receiving nor expecting, for a period of more than two years, any maintenance or support from the decedent. Appellant, having filed her complaint for divorce and prosecuted it to final judgment in her favor, by her acts affirmed the jurisdiction of the court to grant the divorce, and she is now estopped to deny such jurisdiction in order to secure an advantage to herself by way of an award for compensation. *Garner* v. *Garner* (1871), 38 Ind. 139; *Bartle* v. *Walsh Construction Co.* (1932), ante 171, 180 N. E. 294. See, also, *Arthur* v. *Israel* (1890), 15 Colo. 147, 25 Pac. 81, 10 L. R. A. 693, 22 Am. St. 381; *Mohler* v. *Shank* (1895), 93 Iowa 273, 61 N. W. 981, 34 L. R. A. 161, 51 Am. St. 274.

This appellant is barred from recovering compensation herein for another reason which we deem it proper to state. Her application for compensation was filed on May 28, 1931. At that time there was in full force and effect a statute enacted by the General Assembly of 1931, providing as follows: "That all judgments made and entered in divorce cases in which the complaint was not filed on the same day that the affidavit of residence of the plaintiff was made, shall not be invalid for that reason, and that such judgments are hereby legalized and made valid." Acts 1931 p. 446, ch. 112.

This appeal also presents for determination the question of the correctness of the award made to Lawrence A. Denning, infant son of the decedent. It is contended

in his behalf that, if his mother be not entitled to compensation, then, that he, as sole dependant of his deceased father, is entitled to an award equaling in amount 55 per cent of the average weekly wages of said deceased employee. Appellee contends that the widow, Marthella F. Denning, has no right to compensation and that the son, if entitled to compensation at all, is entitled to an award of $4.95 per week only, this amount being 55 per cent of the amount fixed in the judgment granting the divorce that the father should pay into court for the support of said child.

Under the facts in this case, it cannot be doubted that this child was, at the time of its father's death, dependent upon him, at least to some extent, for maintenance. If the judgment decreeing the divorce of the parents was valid, he was, by such judgment, under the duty to pay $9 per week for the child's support until such time as the judgment might be modified by the court, or such duty terminated in some way recognized by the law; if the judgment was voidable or void, the duty to furnish reasonable support existed under the common law and has always been recognized by the courts as a natural duty not subject to evasion.

Was Lawrence A. Denning a dependent upon his father at the time of his death, within the provisions of clause "d" of §38, of the Indiana Workmen's Compensation Act of 1929 (Acts 1929 p. 536, §9483 Burns Supp. 1929)? Section 38 of said act, so far as the same is involved here, is as follows: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee . . . (d) A child under eighteen years upon the parent with whom he or she may not be living at the time of the death of such parent, but upon whom, at such time, the laws of the state impose the obligation to support such child."

The duty of a father to provide for the maintenance

of his minor children is a principle of natural law. The obligation of progenitors to support their offspring is universally acknowledged. To discharge this duty is a primal instinct of human nature. The duty is imposed by law at least as early as at the birth of a child and continues thereafter until legally terminated. *Vigo American Clay Co.* v. *Kelly, Gdn.* (1925), 82 Ind. App. 675, 147 N. E. 301; *Spade* v. *State* (1909), 44 Ind. App. 529, 89 N. E. 604; *State* v. *Yocum* (1914), 182 Ind. 478, 106 N. E. 705; *Liebold* v. *Liebold* (1902), 158 Ind. 60, 62 N. E. 627; *Pretzinger* v. *Pretzinger* (1887), 45 Ohio St. 452, 15 N. E. 471, 4 Am. St. 452; *Panther Creek Mines* v. *Industrial Commission* (1921), 296 Ill. 565, 130 N. E. 321; *Kelley* v. *Kelley* (1925), 317 Ill. 104, 147 N. E. 659; *Zilley* v. *Dunwiddie* (1898), 98 Wis. 428, 74 N. W. 126, 40 L. R. A. 579, 67 Am. St. 820; *Spencer* v. *Spencer* (1906), 97 Minn. 56, 105 N. W. 483, 2 L. R. A. (N. S.) 851, 114 Am. St. 695, 7 Ann. Cas. 901. See, also, dissenting opinion in *Advance-Rumley Co.* v. *Freestone* (1929), 89 Ind. App. 653, 167 N. E. 377, and authorities therein cited.

The duty of the deceased employee to support his son was not removed by the divorce decree granted to his parents. To the contrary, said decree expressly recognized such duty as an existing one, and, among its provisions, was an order that the father pay $9 per week for such support. It may be assumed that this amount was deemed sufficient by the court trying the case to maintain and support the child under the then existing conditions. If conditions changed, the power to modify the decree was vested in the court and the amount which the father might be required to pay could be increased or diminished as justice might require under varying conditions.

We are of the opinion that, under the facts here, the laws of this state, at the time of the deceased em-

ployee's death, imposed upon him the obligation to support his infant son, notwithstanding the fact that the custody of said son had been awarded to the mother in the divorce proceedings between the parents. *State* v. *Yocum, supra; Vigo American Clay Co.* v. *Kelly, Gdn., supra; Spade* v. *State, supra.*

Did the divorce decree, with its fixed amount for support, in any manner affect or control the rights of Lawrence A. Denning when it became necessary to determine what compensation should be awarded to him? Some previous decisions of this court have so held, and in the cases of *Western Indiana Gravel Co.* v. *Erwin, Gdn.* (1925), 84 Ind. App. 26, 149 N. E. 185; *Johnson* v. *Lewis* (1928), 88 Ind. App. 32, 163 N. E. 26; *Stephens* v. *Stephens* (1921), 76 Ind. App. 687, 132 N. E. 747, and *Advance-Rumley Co.* v. *Freestone, supra,* the court's opinions were predicated upon this theory.

Children cannot be deprived of their natural rights of support by the dissensions of their parents; they are not parties thereto, and, if a husband, by his own misconduct, makes it possible for his wife to have the marriage bonds dissolved, he does not, by any judgment of divorce decreed, relieve himself from his own duty of support. This duty remains unchanged. *Spade* v. *State, supra; State* v. *Yocum, supra; Liebold* v. *Liebold, supra; McCarthy* v. *Hinman* (1869), 35 Conn. 538; *Plaster* v. *Plaster* (1868), 47 Ill. 290. The duty is not imposed by the judgment for divorce, but such judgment is merely the application of the law to the facts existing in the case, by the court hearing the cause. It may be conceded that so long as the father complies with the order of the court as to support that he will not be subject to punishment under any of our criminal statutes or by contempt proceedings, even though the amount fixed by the court be insufficient to

support the child or children in accordance with its or their station in life, but it does not follow that if the father dies as a proximate result of personal injuries received by him by reason of an accident arising out of and in the course of his employment that the amount fixed for support by the divorce judgment is the basis to be used by the Industrial Board in determining the award of compensation to dependent children. It is a matter of common knowledge, of which we take judicial notice, that courts in granting divorces fix amounts for support of the children of said marriage in accordance with the ability of the father to pay, and the financial status of the parties. In some instances, it is entirely insufficient to meet the needs of the dependents, in others more than would be required for support. Many elements are considered in determining the question. If the mother had died after she had been awarded the custody of the child, Lawrence A. Denning, it cannot be questioned that the duty of the father to provide for its support, care, etc., would still exist and be subject to enforcement under both our criminal and civil law. Although others may, as a matter of fact, be furnishing support, the duty to so do is imposed by law upon the father. Sections 1698-1702, 2866, 2867, 2869, 2870-2874 Burns 1926; *State* v. *Yocum, supra; Spade* v. *State, supra; Liebold* v. *Liebold, supra; Vigo American Clay Co.* v. *Kelly, Gdn., supra; Miama Coal Co.* v. *Peskir* (1923), 80 Ind. App. 115, 139 N. E. 684.

To use 55 per cent of the amount decreed for support in divorce actions as a basis to compute compensation where the laws of this state impose the obligation to support, as we hold is true here, would nullify §37 of the compensation act which provides that "when death results from an injury within three hundred weeks, there shall be paid a weekly compensation equal to fifty-five per cent of the deceased's average weekly wages

during such remaining part of three hundred weeks as compensation shall not have been paid to the deceased on account of the injury, in equal shares to all dependents of the employee wholly dependent upon him for support at the time of his death."

Our compensation act does not limit dependency of children under 18 years of age living apart from their parent to cases where actual support was being furnished or contributions made, but expressly provides that if the laws of the state, at the time of the death of the parent, impose the obligation to support, the child shall be conclusively presumed to be wholly dependent. Limiting the amount of compensation to 55 per cent of the sum ordered to be paid in a judgment granting divorce would, in many instances, practically exclude children from the benefits of a law that was clearly intended for their protection.

We are of the opinion and hold that the amount of compensation to be awarded to children who are under the age of 18 years, although living apart from a parent because of divorce proceeding, is measured by the statute and not by any amount fixed in a divorce judgment for their support, and the cases of *Stephens* v. *Stephens, supra; Western Indiana Gravel Co.* v. *Erwin, Gdn., supra; Johnson* v. *Lewis, supra;* and *Advance-Rumley Co.* v. *Freestone, supra,* in so far as they conflict with this opinion, are, to that extent, overruled.

The award is reversed as to appellant Marthella F. Denning, as trustee for Lawrence A. Denning, etc., with instructions to the Industrial Board to enter an award in favor of said Lawrence A. Denning as before, except that the compensation awarded be at the rate of $16.50 per week instead of $4.95, as provided in the award from which this appeal is taken. The award as to appellent Marthella F. Denning is affirmed.

312

CURTIS, J.—I agree with the majority opinion as to the award to the appellant Marthella F. Denning, but I cannot concur in the opinion as to the dependent child, for the following reasons: The Indiana Workmen's Compensation Act which was enacted in 1929 (Acts 1929 p. 536), insofar as §38 thereof is concerned, was an exact re-enactment of the said section as it was adopted in 1919, see Acts 1919 p. 158, and in the meantime there had been no change made in the section. During that 10-year period of time, three of the four decisions of this court which the present opinion overrules had been handed down. Each of said opinions placed a construction upon clause "d" of said §38, contrary to the construction now placed upon it by the majority opinion. The first case overruled is *Stephens* v. *Stephens* (1921), 76 Ind. App. 687, 132 N. E. 747, decided in 1921, and said clause "d" was therein specifically construed. The second case overruled is *Western Indiana Gravel Co.* v. *Erwin, Gdn.* (1925), 84 Ind. App. 26, 149 N. E. 185, decided in 1925. Here again, said clause "d" is specifically construed. The third case overruled is *Johnson* v. *Lewis* (1928), 88 Ind. App. 32, 163 N. E. 26, decided in 1928. In this case, said clause "d" is set out in full and construed adversely to the majority opinion. The fourth case overruled is *Advance-Rumley Co.* v. *Freestone* (1929), 89 Ind. App. 653, 167 N. E. 377, decided at the May Term 1929, and the opinion filed July 2, 1929, and modified September 13, 1929. This case was decided after the Acts of 1929 became effective. Here again said clause "d" was before the court.

It will be thus seen that three times between 1919, when said clause "d" of §38 was first enacted, and the time when it was re-enacted verbatim in 1929, it had been before this court and had received a construction

each time contrary to the construction now placed upon said clause by the majority opinion in the instant case.

I understand the law to be as stated in *McIntyre* v. *State* (1908), 170 Ind. 163, 83 N. E. 1005, as follows: "It has been held that, when a clause or provision of a constitution or statute has been readopted after the same has been construed by the courts of such state, it will be concluded that it was adopted with the interpretation and construction which said courts had enunciated." Again, in *Board, etc.,* v. *Conner* (1900), 155 Ind. 484, 58 N. E. 828, we find the following language: "It is a settled rule of statutory construction that when a statute or a part of a statute has been construed by the courts of the State and the same is substantially re-enacted, the legislature adopts such construction, unless the contrary is clearly shown by the language of the act," citing authorities. See, also, *Fesler, Auditor,* v. *Bosson* (1920), 189 Ind. 484, 128 N. E. 145; *Ward* v. *State* (1919), 188 Ind. 606, 125 N. E. 397. In 2 Lewis' Sutherland, Statutory Construction, §403, we find the following language: "In the interpretation of re-enacted statutes the court will follow the construction which they received when previously in force. The legislature will be presumed to know the effect which such statutes originally had, and by re-enactment to intend that they should again have the same effect. . . . It is not necessary that a statute should be re-enacted in identical words in order that the rule may apply. It is sufficient if it is re-enacted in substantially the same words. . . . The rule has been held to apply to the re-enactment of a statute which has received a practical construction on the part of those who are called upon to execute it." Numerous cases are cited in the section above quoted from, showing that the rule is almost universally recognized. See, also, Endlich, Interpretation of Statutes §§367-369.

It seems clear, under the authorities cited, that the Legislature, when it re-enacted the Indiana Workmen's Compensation Act in 1929, adopted the construction of the act that had been given to it by this court in the cases overruled by the majority opinion, and, having done so, this court is not now in a position to announce a contrary construction to the one adopted by the Legislature. To do so would amount, in effect, to legislating by the court on the subject.

Neal, J., concurs in above.