ESTES ET AL. *v.* NATIONAL VENEER AND LUMBER COMPANY.

[No. 15,488.   Filed October 17, 1935.]

*John L. Niblack,* for appellants.

*Ralph B. Gregg,* for appellee.

DUDINE, C. J.—This is an appeal from an award denying compensation to appellants.

All the evidence was stipulated. It shows that on the 26th day of November, 1934, Thomas Estes (father of appellants) sustained an accidental injury, which arose out of and in the course of his employment by appellee, which injury resulted in his death; that appellants were admitted into the Indiana Soldiers' and Sailors' Children's Home at Knightstown upon the application of their father, in January, 1924, and they remained in the home until after their father's death. The stipulated evidence further shows that decedent's average weekly wage, at the time of his said injury, was "in excess of $8.80 but less than $16.00"; and that appellant Frank Estes was born October 30, 1917, and appellant Thomas Estes was born March 24, 1920. Other facts, essential to sustain an award of compensation, were also stipulated.

The Industrial Board found that appellants were not dependents of their father, and denied compensation.

The error assigned on appeal and discussed in appellants' brief is "that the award is contrary to law."

There is but one question presented in this appeal, and that is the question whether or not, in spite of the admission of appellants in said home and their remaining there as "pupils" of the home, they fall within the class of persons conclusively presumed to be dependent for support on a deceased employee, prescribed by paragraph "d" of sec. 40-1403, Burns 1933, §16414, Baldwin's 1934.

That paragraph provides that "a child under eighteen years (is conclusively presumed to be wholly dependent for support) upon the parent with whom he or she may not be living at the time of the death of such parent,

but upon whom at such time, the laws of the state impose the obligation to support said child." We must determine whether the laws of the state, at the time of decedent's death, imposed upon him the obligation to support appellants.

"The duty of a father to provide for the maintenance of his minor children is a principle of natural law. . . . The duty is imposed by law as early as the birth of a child and *continues thereafter until legally terminated.*" (Our italics.) *Denning* v. *Star Publishing Co.* (1932), 94 Ind. App. 300, 180 N. E. 685.

Appellee contends that decedent was "relieved" of this duty by Chap. 207, pp. 557-558, Acts 1921, Sec. 4271, Burns 1926, which was in effect when appellants were admitted into the home, and by Sec. 22-2326, Burns 1933 (§4428, Baldwin's 1934), which is in effect now.

Chap. 207, pp. 557-558, of the Acts of 1921, *supra,* designated what children were eligible for admission in the home and provided that such children "shall be supported, educated and trained in vocations therein until eighteen years of age . . ."

Sec. 22-2326, Burns 1933, Sec. 4428, Baldwin's 1934, provides, "The board of trustees (of the home) . . . shall have the care, custody, control, training and guardianship of any and all children admitted to and living in such home, from the day of their admission thereto until they are eighteen years of age, or until they are discharged therefrom by the board . . ."

We find nothing in either of said statutes which releases the parent of such children from his duty to support such children.

Appellee contends that said statutes are mandatory with reference to the requirements that such children shall be supported by the home, and that the board of trustees shall have the care, custody, and control of

them. Appellee contends further that said provisions being mandatory, decedent was "relieved" of the obligation to support his children, when he placed them in the home.

A distinction might well be made between *"relieving"* the father's obligation to support his children, and a "legal termination" thereof. We will assume, however, for the purpose of this opinion, that said terms may be used synonymously.

If we admit that said provisions are mandatory, we are not forced to conclude that the obligation of the parent to support his children is thereby "legally terminated."

Appellee relies upon *Advance Rumley Co.* v. *Freestone et al.* (1929), 89 Ind. App. 653, 167 N. E. 377, and *Stephens* v. *Stephens* (1921), 76 Ind. App. 687, 132 N. E. 747, in support of its contention that the deceased parent was "relieved" of his duty to support said children.

In the Advance Rumley Co. case, *supra*, a boy was committed, by a court, to an institution for dependent and neglected children, as a delinquent. Under the delinquency statute invoked in that case, the court could have required the boy's father to contribute to the boy's support while the boy remained in the institution, but the court did not make such order. On appeal from an award of the Industrial Board denying said child compensation, this court held that the boy was not a "dependent," within the meaning of the Workmen's Compensation Act.

That case is distinguishable from the instant case, inasmuch as in that case the boy was *taken* from the parent, by a court proceeding, pursuant to a statute, which statute was the "modern equivalent" of the common law doctrine that the king "had the supreme guardianship of all infants within the realm." (Quo-

tation from the *Advance Rumley Co.* v. *Freestone, supra.*)

In this case the children were not *taken* from the parent by the State, but were *placed* in the home by the parent, of his own volition.

In the Stephens case, *supra,* on which appellee relies, a child's parents had been divorced, and custody of the child had been awarded to the mother; the mother had supported the child continuously since the divorce, except for small contributions made by the father. On appeal from an award of the Industrial Board denying said child compensation, it was held by this court that said child was not a "dependent" of his father.

That case is distinguishable from the instant case because in that case like in the Rumley case, *supra,* the custody of the child was *taken* from the father, by a court decree. In both of said cases this court rested its decision, that the child was not a "dependent," upon the fact that a change of relationship between the parent and child had been made by a court decree.

That the legislature, by adoption of the Acts providing for the home, did not intend to release the parent from his duty to support such children when his children were admitted in the home, is indicated by Chap. 182, Acts 1933 (§4437, Baldwin's 1934.) That Act provides that if at any time the board of trustees learn that the parent of the child (who is in the home) has sufficient means of income to support such child, the board shall notify such parent that it will discharge such child from said home on a certain date, and if such parent will not take such child, such parent shall be proceeded against in accordance with statutes relative to "neglected and dependent children."

Said Act (Sec. 4437, Baldwin's 1934, *supra*) indicates that the legislature intended the parent's obligation to support his children to be considered continuing

while his child remained in the home, because the Act requires the board of trustees to enforce said obligation, and said Act does not provide for a restoration of the obligation before such enforcement is to be made by said board of trustees. If the obligation had been released and not restored, it could not be enforced.

It is only children of soldiers, sailors, marines, and nurses who are eligible for admission in the home. §22-2310, Burns 1933, §4408, Baldwin's 1934. The home is a provision for the support of said children, which is supplementary to all other provisions for the support of children. The law providing the home is supplementary to the laws which provide for the building and maintenance of orphan asylums, childrens' hospitals and similar institutions.

The Indiana Soldiers and Sailors Childrens' Home was provided for the benefit of the children who come within the class prescribed by Sec. 22-2310, Burns 1933, *supra*, as distinguished from all other children, in appreciation of the military services of their parents. We do not think the legislature intended that said children should receive the benefits of said home only on condition that they surrender the right to recover under the Workmen's Compensation Act as dependents of a deceased employee. We think the legislature intended the benefits of the home to be an outright and unconditional privilege to such children.

We do not think the legislature intended that a parent, by placing his child in the home, could thereby deprive such child of the right to recover under the Workmen's Compensation Act as a dependent of a deceased employee. Such a provision would be inconsistent with the generally accepted rule of law that a parent can not absolve himself from his obligation to support his children.

The basic theory of the Workmen's Compensation

Act is that industry should carry the burden of accidental injuries to the employees which arise out of their employment. To hold that under the circumstances of this case appellants are not "dependents," would be holding in effect that the legislature by the adoption of the Acts providing the home, exempted industry from the burden of such accidental injuries to fathers of children in said home, in so far as such children's rights under the Workmen's Compensation Law are concerned. The reason given for such a holding is the fact that the State has assumed the burden of caring for such children. We do not think that that fact indicates that the legislature intended to provide such exemption from the operation of the Workmen's Compensation Law.

To hold that appellants lost their "dependency" within the meaning of the Workmen's Compensation Law by being placed in the home, would, in our opinion, be contrary to the spirit of both the Workmen's Compensation Law, and the Indiana Soldiers and Sailors Children's Home Law.

We think the legal aspect of the circumstances of this case is similar to that of a case where a father is unable to support his child, and his friend or relative offers to take and care for the child, and the father agrees. The father certainly could not by such agreement terminate his obligation to support such child.

The average weekly wage having been stipulated as being less than $16.00 and more than $8.80, compensation, if awarded, should have been in the total amount of $8.80 weekly (*McCoskey* v. *Armstrong* [1933], 98 Ind. App. 23, 187 N. E. 901), or $4.40 weekly to each appellant, beginning November 26, 1934, the date of decedent's death, and continuing, as to each of said appellants, until appellant Frank Estes becomes eighteen years of age, and from that time on, $8.80

weekly to appellant Charles Estes until he becomes eighteen years of age, which will be less than three hundred weeks after decedent's death. An award of $100.00 for burial expense, and covering medical expense, if any, necessitated by said accident, should also have been made, unless they had been provided by appellee. The payments past due should have been ordered paid forthwith in a lump sum.

Award reversed with instructions that the Industrial Board make an award of compensation in favor of appellants in the amounts and as indicated in this opinion.