HUFF *v.* MERCHANTS PARCEL DELIVERY COMPANY, INC.

[No. 16,258. Filed January 16, 1939.]

*Stanley E. Stohr,* for appellant.

*William E. Hart* and *White, Wright & Boleman,* for appellee.

LAYMON, J.—Appellant filed her application for an award of compensation with the Industrial Board of Indiana, under the Indiana Workmen's Compensation Act, alleging, among other things, that Glenn L. Huff died on November 11, 1936, as a proximate result of personal injuries received by him on said date by reason of an accident arising out of and in the course of his employment with appellee; that said decedent left surviving him as his only dependent, the appellant, his daughter, age 13 years.

The application was first submitted for hearing before a single member who found for appellant and awarded her compensation. Upon review before the full board, the following finding and award, omitting the formal parts, was made:

"And the Full Industrial Board, having heard the argument of counsel, having reviewed the evidence, and being duly advised therein, now finds that on November 11, 1936, one Glenn L. Huff, while in the employ of the defendant at an average weekly wage of $21.43, suffered an injury as the result of an accident arising out of and in the course of his employment, that resulted in his death on the same day.

"It is further found that the funeral expense incident to the burial of the said Glenn L. Huff was paid by Oscar P. Huff, his father, as administrator of the estate of Glenn L. Huff.

"It is further found that on April 12, 1937, plaintiff filed her application for the adjustment of a claim for compensation alleging that she was wholly dependent upon the said Glenn L. Huff for support.

"And the Full Industrial Board now finds for the defendant on plaintiff's application, that plaintiff was not a dependent on the said Glenn L. Huff within the meaning of the Indiana Workmen's Compensation Law.

## "ORDER

"It is therefore considered and ordered by the Full Industrial Board of Indiana that the plaintiff shall take nothing by her complaint filed herein on April 12, 1937, and that she shall pay the cost of this proceeding.

"It is further ordered that the defendant shall pay to Oscar P. Huff, administrator of the estate of Glenn L. Huff, one hundred dollars statutory burial expense.

"Dated this 16th day of June, 1938."

Appellant has appealed from this award, assigning as error that it is contrary to law.

The parties stipulated the facts. The facts are not in dispute and disclose that appellant's decedent was in the employ of appellee on the 11th day of November, 1936, and on said date received an accidental injury arising out of and in the course of his employment, of which appellee had knowledge; that as a proximate result of said accident, said decedent died on that date; that at the time of said injury and death the average weekly wage of said decedent was $21.43; that the funeral expenses of said decedent were paid by Oscar P. Huff, father of the deceased, as administrator; that the decedent and Vona Huff, mother of appellant, were married on July 3, 1923; that their daughter, the appellant, was born March 1, 1924; that on January 12, 1932, upon the application of Vona Huff, a divorce decree was rendered in the Circuit Court of Jefferson County, Illinois, granting an absolute divorce to said Vona Huff

from the decedent, Glenn L. Huff; that the Circuit Court of Jefferson County, Illinois, had jurisdiction of the parties and decreed "that the bonds of matrimony heretofore existing between the said complainant and the said defendant shall be dissolved and declared to stand for naught, and the parties thereto forever freed from any obligations arising therefrom, and that the complainant shall have full care, custody, maintenance and education of child."

It was further stipulated that Vona Huff, mother of appellant, subsequent to the rendition of said divorce decree, was married to one Bruce Fulwider on September 10, 1932; that she resides in the State of Illinois; and that appellant resides with her.

This appeal presents for determination the question, Was Lorna Dene Huff, appellant, a dependent upon her father at the time of his death within the provisions of clause (d) of section 38 of the Indiana Workmen's Compensation Act of 1929? (Acts 1929, ch. 172, p. 536, §40-1403 Burns 1933, §16414 Baldwin's 1934.) Section 38 of said act, so far as the same is involved here, is as follows: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: . . . (d) A child under eighteen [18] years upon the parent with whom he or she may not be living at the time of the death of such parent, but upon whom, at such time, the laws of the state impose the obligation to support such child."

Appellee agrees with the rule that the legal obligation to support a child is imposed upon the father at the birth of the child, and thereafter during the life of the child the burden continues unless removed or shifted in some way recognized by law. Appellee contends that in the case at bar the burden or legal obligation of the deceased employee to support the appellant was removed by due process of law and shifted to the mother of ap-

pellant by virtue of the divorce decree in the Circuit Court of Jefferson County, Illinois, entered on January 12, 1932, granting a divorce to Vona Huff upon her application, and decreeing that the parties thereto were forever freed from any obligations arising from the bonds of matrimony theretofore existing between them and that the mother should have full care, custody, maintenance and education of the child (appellant). Appellee also concedes that the several statutes of our state impose a legal obligation on a father to support his minor child, but contends that the undisputed facts in the instant case were such as to suspend such obligation and create neither a legal nor a criminal liability against the father.

We think that the question presented by this appeal has heretofore been answered by this court in the case of *Denning* v. *Star Publishing Co.* (1932), 94 Ind. App. 300, 180 N. E. 685, in which case it was said (pp. 308, 309, 310):

> "The duty of the deceased employee to support his son was not removed by the divorce decree granted to his parents. To the contrary, said decree expressly recognized such duty as an existing one, and, among its provisions, was an order that the father pay $9 per week for such support. It may be assumed that this amount was deemed sufficient by the court trying the case to maintain and support the child under the then existing conditions. If conditions changed, the power to modify the decree was vested in the court and the amount which the father might be required to pay could be increased or diminished as justice might require under varying conditions.
>
> "We are of the opinion that, under the facts here, the laws of this state, at the time of the deceased employee's death, imposed upon him the obligation to support his infant son, notwithstanding the fact that the custody of said son had been awarded to the mother in the divorce proceedings between the parents. *State* v. *Yocum, supra* [1914, 182 Ind. 478, 106 N. E. 705]; *Vigo American Clay Co.* v. *Kelly,*

*Gdn., supra* [1925, 82 Ind. App. 675, 147 N. E. 301]; *Spade* v. *State, supra* [1909, 44 Ind. App. 529, 89 N. E. 604].

"Children cannot be deprived of their natural rights of support by the dissensions of their parents; they are not parties thereto, and, if a husband, by his own misconduct, makes it possible for his wife to have the marriage bonds dissolved, he does not, by any judgment of divorce decreed, relieve himself from his own duty of support. This duty remains unchanged. *Spade* v. *State, supra; State* v. *Yocum, supra; Liebold* v. *Liebold, supra* [1902, 158 Ind. 60, 62 N. E. 627]; *McCarthy* v. *Hinman* (1869), 35 Conn. 538; *Plaster* v. *Plaster* (1868), 47 Ill. 290. The duty is not imposed by the judgment for divorce, but such judgment is merely the application of the law to the facts existing in the case, by the court hearing the cause. It may be conceded that so long as the father complies with the order of the court as to support that he will not be subject to punishment under any of our criminal statutes or by contempt proceedings, even though the amount fixed by the court be insufficient to support the child or children in accordance with its or their station in life, but it does not follow that if the father dies as a proximate result of personal injuries received by him by reason of an accident arising out of and in the course of his employment that the amount fixed for support by the divorce judgment is the basis to be used by the Industrial Board in determining the award of compensation to dependent children. It is a matter of common knowledge, of which we take judicial notice, that courts in granting divorces fix amounts for support of the children of said marriage in accordance with the ability of the father to pay, and the financial status of the parties. In some instances, it is entirely insufficient to meet the needs of the dependents, in others more than would be required for support. Many elements are considered in determining the question. If the mother had died after she had been awarded the custody of the child, Lawrence A. Denning, it cannot be questioned that the duty of the father to provide for its support, care, etc., would still exist and be subject to enforcement under both our criminal and civil law.

Although others may, as a matter of fact, be furnishing support, the duty to so do is imposed by law upon the father. Sections 1698-1702, 2866, 2867, 2869, 2870-2874 Burns 1926; *State* v. *Yocum, supra; Spade* v. *State, supra; Liebold* v. *Liebold, supra; Vigo American Clay Co.* v. *Kelly, Gdn., supra; Miami Coal Co.* v. *Peskir* (1923), 80 Ind. App. 115, 139 N. E. 684."

Appellee has cited the cases of *Stephens* v. *Stephens* (1921), 76 Ind. App. 687, 132 N. E. 747; *Western Indiana Gravel Co.* v. *Erwin, Gdn.* (1925), 84 Ind. App. 26, 149 N. E. 185; *Johnson* v. *Lewis* (1928), 88 Ind. App. 32, 163 N. E. 26; and *Advance-Rumley Co.* v. *Freestone* (1929), 89 Ind. App. 653, 167 N. E. 377, 167 N. E. 633, to sustain its position. These decisions support appellee's theory that a divorce decree dissolving the bonds of matrimony existing between the parents affects and controls the rights of their child or children, when it becomes necessary to determine the question of dependency or the amount of compensation to be awarded, but are no longer controlling, having been expressly overruled by this court in the case of *Denning* v. *Star Publishing Co., supra.*

The award is reversed, with instructions to the Industrial Board to enter an award in favor of the appellant at the rate of $11.79 per week for a period of 300 weeks and that appellee pay the statutory $100 funeral expenses.