## SPADE v. THE STATE OF INDIANA.

[No. 7,198.  Filed November 4, 1909.]

1. APPEAL.—*From Juvenile Courts.*—An appeal lies to the Appellate Court, from any judgment of a juvenile court, except one founded upon a plea of guilty.  p. 531.

2. APPEAL.—*From Juvenile Courts.*—*Affidavits.*—*Sufficiency.*—The sufficiency of an affidavit charging defendant with contributing to the delinquency of a child cannot be questioned on appeal.  p. 533.

3. COURTS.— *Juvenile.*— *Misdemeanors.*— *Jurisdiction.*— Juvenile courts have the power, in aid of their other powers, to punish in misdemeanor cases.  pp. 533, 534.

4. JUDGMENT.—*Two, for Same Cause.*—*Failure to Satisfy.*—*Estoppel to Question.*—A defendant ordered, by a superior court that granted to his wife a divorce, to pay $1.50 per week for the support of his infant child, and who was also ordered by the juvenile court to pay a like amount for the same purpose, is estopped to question the right to impose two judgments for the same cause so long as he refuses to pay either.  pp. 533, 535.

5. PARENT AND CHILD.—*Support.*—It is the duty of an able-bodied father to support his infant child.  p. 533.

6. PARENT AND CHILD.—*Support.*—*Custody.*—*Divorce.*—The fact that the court granting to a wife a divorce from her husband

takes from him the custody of their infant child, does not relieve him from his duty to support such child.   p. 534.

7.   COURTS.—*Juvenile.*—*Suspending Judgment.*—The juvenile courts have the power to suspend sentence in cases of misdemeanors tried before them.   p. 535.

From Juvenile Court of Elkhart County; *James S. Dodge,* Judge.

Prosecution by The State of Indiana against Clarence L. Spade.   From a judgment of conviction, defendant appeals. *Affirmed.*

*Ira H. Church* and *James L. Harmon,* for appellant.

*James Bingham,* Attorney-General, *Alexander G. Cavins, William H. Thompson* and *Edward M. White,* for the State.

WATSON, J.—The Juvenile Court of Elkhart County upon the affidavit of William J. Sigerfoos, adjudged on March 11, 1909, that Bernice Spade was a female child under seventeen years of age; that she was born on May 22, 1906; that the appellant, Clarence L. Spade, was the father of said child, and that said child was a dependent and neglected child; that it had no money nor means of support, and should be made a public ward, and accordingly the custody of the child was awarded to the Board of Commissioners of the County of Elkhart until she should become twenty-one years of age and until the further order of the court.

On March 12, 1909, Lloyd L. Burris, prosecuting attorney in and for Elkhart county, filed his affidavit against the appellant herein, and alleged that appellant was the parent of said Bernice Spade, and had the care, custody and control of said child, who was two years old on May 22, 1908, and domiciled in said Elkhart county, Indiana; that said appellant did unlawfully, and by reason of wilful neglect, encourage and contribute to the neglect, delinquency and dependency of said child, which child was on March 11, 1909, by judgment of the Juvenile Court of Elkhart County, adjudged a dependent and neglected child.

The defendant appeared before James S. Dodge, judge of said juvenile court, and moved to quash the affidavit herein, which motion was by the court overruled and excepted to by the defendant. Trial was had, and the court, after hearing the evidence, found the defendant guilty as charged, and assessed a fine of $100 against appellant. The judgment on said findings is as follows: ''It is therefore considered and adjudged by the court that said defendant is guilty as charged in the affidavit, namely, of contributing to the delinquency of Bernice Spade, and that he pay to the State of Indiana a fine in the sum of $100. And the court now suspends said judgment, and orders said defendant released from custody, under the conditions that he shall report to this court once each three months, and shall provide for and care for said neglected child, Bernice Spade, by paying to the clerk of the Elkhart Circuit Court, for the use of the Board of Commissioners of the County of Elkhart, the sum of $1.25 per week, each week, for the support of said child.''

Prior to the act of 1907 (Acts 1907, p. 221, §1635 Burns 1908) no appeal was authorized from any judgment in the juvenile courts of Indiana. The section authorizing such an appeal is as follows: ''That an appeal to the Appellate Court shall lie from a decision and judgment of the juvenile court, except when there has been a plea of guilty. The party appealing shall file a transcript in the office of the Clerk of the Supreme Court within thirty days from the date of the rendition of the judgment appealed from. It is hereby made the duty of the judge of the juvenile court, when such appeal is prayed, to certify the facts of the case in the form of a special finding, and the Appellate Court shall pass on the sufficiency of such facts to sustain the judgment rendered. In case the party appealing questions the sufficiency of the evidence to warrant the findings thus made by the court, such evidence shall be incorporated in a bill of exceptions filed in said juvenile court and made a

part of the record. The special findings, and not the informal complaint, shall be considered as the basis of the judgment rendered, and no such judgment shall be reversed, except as the finding of facts or evidence to sustain the same shall be found by the Appellate Court to be insufficient. An assignment of error that the decision of the juvenile court is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the judgment and the sufficiency of the evidence to sustain the findings. Cases appealed from such court shall have precedence over all other cases. The prosecution and appeal of such cases shall be governed as to costs and otherwise as to matters not herein provided for by the statutes in reference to criminal prosecutions.''

The special findings herein are, in substance, as follows: Bernice Spade was a female child under the age of seventeen years, to wit, two years old on May 22, 1908. She lived in Elkhart county, and was a dependent and neglected child. The appellant unlawfully and by reason of wilful neglect encouraged and contributed to the neglect, delinquency and dependency of said child, and the Juvenile Court of Elkhart County had adjudged it a delinquent and neglected child. Bernice Spade is the child of Clarence L. Spade and Lilly Spade. On November 28, 1908, said Clarence L. Spade and Lilly Spade were divorced by judgment of the Elkhart Superior Court, and said Lilly Spade was awarded the care and custody of said child, and said Clarence L. Spade was ordered to pay $1.50 per week to Lilly Spade for the support of said Bernice Spade and Robert M. Spade. Said Clarence L. Spade from December 5, 1908, to January 11, 1909, paid to the clerk of the Elkhart Superior Court, as ordered, the sum of $12, which sum was paid to Lilly Spade. Said Clarence L. Spade has not contributed anything toward the support of said Bernice Spade since November 28, 1908. On that day said child was deserted by its mother, Lilly Spade, and she

did not support said child from said date, which was well known to the defendant herein. During all the time since November 28, 1908, Clarence L. Spade was a young, able-bodied man, free from sickness. During all of said time he either had work or could have obtained it. Neither Clarence L. Spade, Lilly Spade, nor Bernice Spade has any property of any kind or character. Clarence L. Spade has steady employment, by which he is earning $1.50 per day, and is able to and has employed two attorneys to resist the payment of money for the support of said child. Said findings were made on March 22, 1909.

It is insisted by the appellant that the affidavit filed herein is not sufficient, and the court erred in overruling his motion to quash the same. This appeal is taken under the special statute which provides that "the special findings, and not the informal complaint, shall be considered as the basis of the judgment rendered," etc., so the contents or the sufficiency of the affidavit is not to be measured by the rule usually enforced in criminal cases. The proceedings are in a measure summary, and the right to appeal is only given upon the conditions named. The juvenile court is given the jurisdiction and power to punish in misdemeanor cases in aid of its other powers and jurisdiction.

The appellant contends that he is now confronted with the judgments of two courts of Elkhart county, and he knows not which way to go. In his brief he says: "It seems to be a case of its being dangerous to be safe." It is true that, by the judgments of the two courts, he is ordered to pay for the support of his abandoned, helpless child, but it is not this that is troubling the appellant. It is how to avoid obeying the order of either court. It is shown, and so found by the court, that appellant is an able-bodied man, able to labor and support his helpless, dependent child. It is therefore his duty, under our

statutes, to do so. This was his duty at the common law, even though there was no remedy to enforce the same. *Turner* v. *Flagg* (1893), 6 Ind. App. 563, 572; *Ramsey* v. *Ramsey* (1889), 121 Ind. 215, 6 L. R. A. 682. Nor will the fact that he had been deprived of the care and

6. custody of his child, by reason of his own conduct, relieve him from the duty imposed upon him by law to support it, and if he is neglectful of this duty, the statute, as well as chancery, will compel him to discharge this obligation. *Leibold* v. *Leibold* (1902), 158 Ind. 60; *Tullis* v. *Shaw* (1908), 169 Ind. 662; 2 Nelson, Div. and Sep., §§981, 984. In 2 Bishop, Mar., Div. and Sep., §§1223, 1224, the author says: "It is not the policy of the law to deprive children of their rights on account of the dissensions of their parents, to which they are not parties; or to enable the father to convert his own misconduct into a shield against parental liability. * * * Parents are required by the law to maintain their offspring. They cannot cast off the obligation by its neglect or by any other wrong. Commonly where this duty to a child exists, connected therewith is the right to its services. But a father who by ill-doing forfeits his claim to its services and custody does not thereby free himself from his own duty of support."

The general rule is that the court granting the divorce and assuming the control of the offspring of the parties will maintain such control, and will make such changes, if any,

3. from time to time, upon proper showing as the facts and circumstances require, for the betterment and welfare of the child. The legislature created the juvenile courts of Indiana, to the end that helpless, neglected and dependent children might be properly cared for. These courts were given jurisdiction to hear and determine charges of misdemeanor under the acts of 1905 (Acts 1905, p. 440, §§1436k-1436m Burns 1905), and section two thereof, as amended by the acts of 1907 (Acts 1907, p. 266, §1648 Burns 1908). *Tullis* v. *Shaw, supra*.

International, etc., Loan Assn. *v.* Stark—44 Ind. App. 535.

The court in rendering judgment may impose conditions upon any person found guilty under these acts, and so long as these conditions are complied with the court is authorized to suspend the judgment. The judge in this case, exercising the power given to the court, did suspend the judgment, and ordered that appellant, after complying with the conditions named therein, be released from custody. This certainly did not work any hardship upon appellant. He was not required to pay the fine, but was required to support his child. If he had expended his energies and money for the support of his infant child, as becometh a father, instead of to defeat the order requiring him to do his duty by his child, it would have been to his credit, instead of to his everlasting shame.

Let the appellant comply with the order of said juvenile court, and if conflict arises between the courts as to the disbursements of the funds for the support of this infant, then it will be time enough to determine that question. The evidence sustains the findings.

Judgment affirmed.