## STATE OF INDIANA *v.* YOCUM.

[No. 22,671.   Filed November 19, 1914.]

1. PARENT AND CHILD. — *Prosecution for Nonsupport.* — *Venue.*— Where, following a decree of divorce in which the custody of the children is given to the mother without restraint or limitation as to where she shall reside with them, the mother removes with the children to another county, a prosecution against the father for failure to provide for the children, as provided by §2635a Burns 1914, Acts 1913 p. 956, should be instituted in the county where the mother and children reside, and is not influenced by the fact that the father's failure also involves a violation of the order of the court in which the divorce was granted. p. 480.

2. PARENT AND CHILD.—*Duty to Support.*—It is the father's duty to support his infant children and he is not relieved therefrom by the fact that he has been deprived of their custody.  p. 480.

3. CRIMINAL LAW.—*Venue.*—*Acts of Omission.*—A crime which involves an act of omission is committed where the act should have been done and is punishable there.  p. 481.

From Allen Circuit Court; *John W. Eggeman,* Judge.

Prosecution by the State of Indiana against Emory G. Yocum. From a judgment of acquittal, the State appeals. *Appeal sustained.*

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman* and *Harry H. Hilgemann,* for the State.

Cox, C. J.—Section 2 of the act approved March 15, 1913 (Acts 1913 p. 956, §2635a Burns 1914), provides that the father of a child or children under fourteen years of age, living in the State who being able either by reason of having means or by personal services, labor or earnings, shall wilfully neglect or refuse to provide such child or children with necessary and proper home, care, food and clothing shall be deemed guilty of a felony and upon conviction shall be punished by imprisonment in the State prison or reformatory for not more than seven years nor less than one year. The section further provides that the court where the conviction shall have taken place may suspend the sentence if

the defendant shall enter into an undertaking to the approval of the court that he will furnish the child or children with necessary and proper home, food, care and clothing. This law is a substantial reënactment of an act approved April 10, 1907, which was theretofore in force (Acts 1907 p. 160, §2536 Burns 1908).

Appellee was charged, by affidavit filed in the trial court, with a violation of §2, *supra*, by failing to make any of the provisions therein prescribed for his five children named in the affidavit under the age of fourteen years. On the trial it was shown that the parties were married in 1896, and lived in Pulaski County where they were divorced in 1913. The divorce was granted on the petition of the wife on personal service of appellee. As a part of the decree appellee was ordered to pay $7 a week toward the support of the children whose custody was awarded to the mother. After the divorce the mother took the children and went to Fort Wayne in Allen County and there she was living with them when this prosecution was instituted and tried. She went there because kin of hers lived there and because she and a sixth child, a daughter, could get more work and better wages in their efforts to support themselves and five younger children. Appellee continued to live in Pulaski County and was brought to Allen County to answer the charge there laid against him. The mother was, prior to the prosecution, in communication with appellee by letters and wrote him of the children's needs but he failed to contribute anything to their maintenance and in no measure complied with the order of the Pulaski Circuit Court which required him to pay $7 per week thereto. Without appellee's help the support of the five children under fourteen years of age as well as their own fell on the mother and a frail girl of fifteen years. The mother worked in her home as a seamstress and the girl in a knitting mill and together they earned a meager income insufficient for the support of the family. Appellee was an able-bodied, capable man.

The sole defense which appellee tendered to the case made by the State's evidence was a motion for his acquittal on the ground that the evidence disclosed that

1. the venue of the crime was in Pulaski and not in Allen County and that the Allen Circuit Court therefore had no jurisdiction. This motion was sustained and the State excepted and has appealed to have this question of law determined. §2162 Burns 1914, Acts 1905 p. 584, §286. The reason for the trial court's ruling is not discoverable from the record before us and we are not aided to discover it by any brief in appellee's· behalf supporting the court's judgment. That the ruling was erroneous is obvious. Of course if an effort had been made to enforce the order of the Pulaski Circuit Court for the payment of $7 a week which it had ordered appellee to pay for the support of his children resort to the jurisdiction of that court would have been necessary. But that order has no influence in this prosecution other than that his utter failure to comply with it shows appellee's failure to discharge all his natural and legal obligations to his children. By this statute the State has created a sharper and more effective spear for a dull or dormant sense of parental duty than that which was before the instrument of a court of equity in a divorce proceeding. It was the duty of appellee to support his

2. infant children and the fact that he has been deprived of their custody at the instance of the wife can not serve to relieve him of that duty. *Spade* v. *State* (1909), 44 Ind. App. 529, 89 N. E. 604, and authorities there cited.

The mother was given the custody of the children without restriction as to where she should live with them and she was not required to keep them in Pulaski County or

1. to follow with them wherever appellee might choose to make his abiding place. She might take them wherever in her sound, good judgment she believed she could do best for them, and the law which required appellee under the threat of its penalty to "provide" for the care, food and

clothing, followed them for their own protection and the State's wherever within the State they were taken by her. They were required to be provided for by appellee at the place where they were. A neglect to discharge the obligation of law there broke the law there.

Personal presence is not an indispensable element in the locality of crime. A neglect to do an act is punishable in the county where the act should have been done. 1 3. Bishop, New Crim. Proc. (2d ed.) §53. See, also, *State* v. *Peabody* (1904), 25 R. I. 544, 56 Atl. 1028; *People* v. *Meyer* (1895), 12 Misc. 613, 33 N. Y. Supp. 1123; *People* v. *Quigley* (1912), 75 Misc. 151, 134 N. Y. Supp. 953; *Johnson* v. *State* (1895), 66 Ill. App 103. As a general rule an offense which involves an act of commission is committed where the act is done while an offense involving an act of omission is committed where the act should have been done.

The appeal of the State is sustained.

NOTE.—Reported in 106 N. E. 705. As to the liability of the father for support of children as affected by decree awarding custody to mother, see 2 L. R. A. (N. S.) 851; 47 Am. St. 314. See, also, under (1) 29 Cyc. 1678; (2) 29 Cyc. 1606, 1612; (3) 12 Cyc. 230.