BOHLER ET AL. *v.* STATE EX REL. LONGBRAKE-POTTER.

[No. 14,390. Filed June 24, 1932. Rehearing denied October 7, 1932.]

*Atkinson & Husselman,* for appellants.

*Richard W. Sharpless, W. D. Stump* and *Howard S. Grimm,* for appellee.

WOOD, C. J.—On and prior to October 11, 1929, the appellee and one Ordeth Longbrake were husband and wife. They were the parents of three minor children. On the above date the said Ordeth Longbrake plead guilty in the Dekalb Circuit Court to a violation of the provisions of the Act of 1915, p. 139, Burns 1926, §§2870-2874. On October 15, 1929, the court assessed a fine of $1 and committed him to the Indiana State Farm for a period of six months. Pursuant to authority granted in said act, the court released Longbrake on probation for a period of two years, he to make his personal appearance in court whenever ordered, to pay to the clerk of the court the sum of $12 per week for the support of his wife and children, and to enter into a bond for the sum of $1,000, with sureties to be approved by the court, conditioned for the faithful performance of said requirements. The appellants signed the required bond as sureties and it was approved by the court. An examination of the bond discloses that it requires the money to be paid into the clerk's office for the use and benefit of the children, only, of Longbrake and his wife. On February 14, 1930, appellee filed an information in the Dekalb Circuit Court show-

ing that Longbrake had violated the terms of the order and bond. On July 21, 1930, the court entered an order forfeiting said bond. On April 23, 1930, appellee was divorced from Ordeth Longbrake in the Dekalb Circuit Court, she was awarded the custody of the minor children, and Longbrake was ordered to pay the sum of $12 per week for their support.

On September 2, 1930, appellee brought suit in the Dekalb Circuit Court against the appellants to recover from them as sureties upon the bond of Ordeth Longbrake for breach of the conditions therein contained. The complaint was in one paragraph. Appellants filed an answer in two paragraphs. The first paragraph was a general denial. The second paragraph alleged in substance that, after the execution of the bond sued upon, appellee procured an absolute divorce from Ordeth Longbrake; that she was given the care and custody of the minor children of the parties; that in the divorce proceedings the court made an order for the support of said children; that there was no longer any liability resting upon the said Ordeth Longbrake to comply with the conditions of said bond; that the conditions thereof had been fully satisfied. A demurrer was sustained to this paragraph of answer.

On the issues thus formed the cause was submitted to the court for trial without a jury. At the request of appellants the court found the facts specially and stated its conclusions of law thereon in favor of appellee. Appellants excepted to each conclusion of law. Judgment was rendered for appellee. From this judgment appellants appeal to this court, assigning as errors for reversal the sustaining of appellee's demurrer to the second paragraph of answer and each conclusion of law announced by the court.

The demurrer to the second paragraph of answer and the exceptions to the conclusions of law present the same

question for our consideration. It is therefore not necessary to discuss them separately.

As reasons for a reversal of this cause, appellants contend that the right to the custody and services of minor children and the obligation to support and educate them are reciprocal rights and obligations, unless otherwise fixed by judicial decree; that after the divorce was granted to appellee she occupied the same legal relation to her former husband in respect to her common-law right to recover from him for the support of their children as a stranger, and her right to recover from him was limited to that created by judicial decree; that the custody of the children having been awarded to the appellee the father could not be deemed to have deserted them; that after the divorce was granted appellee and the custody of the children awarded to her, it was her duty to support them; that the father's obligation to support them was transferred to appellee, and, so long as she supported them properly, there could be no desertion by the father, and, if no desertion by him, there was no liability on a bond given in a criminal case; that appellee's remedy was a proceeding against Ordeth Longbrake for contempt of court. In support of this contention appellants cite the cases of *Husband* v. *Husband* (1879), 67 Ind. 583; *Ramsay* v. *Ramsay* (1889), 121 Ind. 215, 22 N. E. 69; *Leibold* v. *Leibold* (1902), 158 Ind. 60, 62 N. E. 627. That the principles of law announced in these cases are correct is unquestioned, but we do not think them applicable or controlling in the instant case.

It is true that at the common law the duty of the parent to support and maintain the child and the right to companionship and services were reciprocal rights. But the common law did not afford any method of enforcing the duty of the parent to support the child. As stated by Chief Justice Mitchell

in *Ramsay* v. *Ramsay, supra:* "The duty of the father to protect, educate, and support his tender infant child, for whose being he is responsible, is not only a plain precept of universal law and natural justice, but is enjoined by the positive teachings of the Christian religion. However clear and imperative the duty, or sacred the obligation, of parental support it is open to serious consideration, whether it does not fall within that class of imperfect obligations or moral duties, the enforcement of which, according to the common law, it was deemed wiser to leave to the impulses of natural affection rather than that it should be committed to unrestrained regulation in the courts."

The manner, then, in which this important obligation should be discharged by the father was dependent almost wholly upon his individual conception of what constituted a sufficient performance. The most certain protection of the dependent child is the comprehension by the father of the finer sensibilities of paternal love and affection; if he is devoid of these natural instincts, then it is quite evident that the child will be the helpless and innocent victim of the father's delinquencies. With the growth of population and the attendant increase of complexities in moral, social, and economic problems, the parental duty toward children in many instances become dull and irresponsive, resulting in an increase in the number of dependent and delinquent children. Sensing this evil, responding to the demands of society, and for the purpose of correcting it, as far as possible by human agencies, our legislature has enacted laws empowering the courts to demand of parents a performance of parental duties. Among the laws thus enacted is the Act of 1915, *supra.*

If the position of appellants is correct, we would have an anomalous situation confronting us. It would have the effect of really nullifying these remedial statutes.

While appellants filed a motion for a new trial alleging as causes therefor that the findings of fact were not sustained by sufficient evidence and were contrary to law, they have not seen fit to bring the evidence into the record, so we must assume that the findings of fact made by the court are correct. From them it appears that Ordeth Longbrake was arrested for a violation of the Act of 1915, *supra;* that he entered a plea of guilty to the charge. His punishment was fixed at a fine of $1 and imprisonment in the Indiana State Farm for a period of six months. The court, as authorized by the act under which the proceeding was had, placed him on probation on condition that he pay $12 per week for the support of his children, report to the court when required to do so, and post a bond for $1,000 as a guaranty that he would comply with the order and judgment of the court. Appellants signed this bond. This judgment was unappealed from, and, so far as the findings of fact disclose, was in full force and effect when this action was brought and concluded. Longbrake defaulted, and the bond was forfeited. The court found that there was still due and unpaid upon the bond the sum of $676; that of the amount which had been paid as ordered by the court, Ordeth Longbrake had paid only $84.50; that the three minor children were living with the father of appellee and being supported by him. It thus appears from the finding of facts that the court was called upon to deal with an aggravated case which the law was intended to correct.

The fact that the appellee obtained a divorce from her husband and as a part of the decree was awarded the care, custody, and control of their three minor children did not in any manner relieve him from the duty of supporting them. In fact, when the divorce was granted the court made an order requiring the father to

pay the sum of $12 per week for the support of his children. This did not in any way change or modify the requirements imposed upon him in the criminal case in which the bond was executed by appellants. So far as the record shows, Ordeth Longbrake has not complied with the requirements imposed upon him in either case. Undoubtedly Longbrake did not want to serve the sentence of six months in the penal farm, so the court placed him on probation on condition that he contribute to the support of his children. Appellants executed a bond securing the fulfillment of these requirements; no valid reason has been presented why they should not be required to comply with the conditions of their contract, though it may be burdensome. *Spade* v. *State* (1909), 44 Ind. App. 529, 89 N. E. 604; *Denning* v. *Star Publishing Co.* (1932), 94 Ind. App. 300, 180 N. E. 685; *State* v. *Yocum* (1914), 182 Ind. 478, 106 N. E. 705; *Panther, etc., Mines* v. *Commission* (1921), 296 Ill. 565, 130 N. E. 321; *Kelly* v. *Kelly* (1925), 317 Ill. 104, 147 N. E. 659.

Judgment affirmed.