MANNERS *v.* STATE OF INDIANA.

[No. 26,667. Filed December 23, 1936.]

*L. A. Douglass* and *James L. Bottarff,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Caleb J. Lindsey,* Assistant Attorney-General, for appellee.

FANSLER, J.—Appellant was indicted, tried, and convicted upon a charge that he deserted three of his children, leaving them without reasonable means of support.

Error is predicated upon the overruling of motions in arrest of judgment and for a new trial.

Section 10-1401, Burns' Ann. St. 1933, section 2885,

Baldwin's Ind. St. 1934, provides that: "Whoever deserts his or her child or children and leaves them, or any of them, without reasonable means of support and continuing support, or a charge upon any county or township of this state, shall be deemed guilty of a felony." It appears without controversy that appellant and his wife were divorced prior to the time at which the crime is charged to have been committed; that in the divorce proceedings the wife was given the custody of the children; that an order was made for the payment of certain sums to her for their support; and that the allowance so made was ordered paid to the clerk of the court which granted the divorce.

Section 3-1219, Burns' Ann. St. 1933, section 928, Baldwin's Ind. St. 1934, provides that: "The court, in decreeing a divorce, shall make provision for the guardianship, custody, support and education of the minor children of such marriage." Under this statute the court has complete jurisdiction to provide for the support and custody of minor children, and it is well settled that the jurisdiction continues during the minority of the children, and that the decree may be changed or modified. It is also well established that the court has power to enforce its orders for support by contempt proceedings. Since it is conceded that the custody of the children in question was taken from the father by the judgment of the court in the divorce proceedings, there is, and can be, no evidence that he deserted them until such time as the decree of the court is modified and their custody restored to him. The statute declares against one who "deserts" and leaves his children without support. Desertion is a necessary element of the offense, and where desertion is not, and cannot be, proven, there can be no conviction under this statute. There is another statute which makes neglect or refusal to provide children under the age of 14 with

"necessary and proper home, care, food and clothing," a felony. But the indictment here is under the desertion statute.

There is no evidence or contention here that the children in question were left a charge upon the county or township, nor is there any evidence that they were in want, or without a proper home, care, food, or clothing. If the father complied with the court's order, as to payments to the mother for support of the children, the mother would be chargeable with the responsibility of supporting them, and, if someone else voluntarily assumed that responsibility, there would be no basis for a charge that the father had failed in his duty. It was said in *Ramsey* v. *Ramsey* (1889), 121 Ind. 215, 221, 23 N. E. 69, 71, that: "The right to the custody and services of the child, and the obligation to support and educate, are reciprocal rights and obligations, unless otherwise fixed by judicial decree." See, also, *Husband* v. *Husband* (1880), 67 Ind. 583, and *Hedrick* v. *Hedrick* (1891), 128 Ind. 522, 26 N. E. 768. We are not unmindful of the case of *State* v. *Yocum* (1914), 182 Ind. 478, 106 N. E. 705, an appeal by the state, in which it is held that a prosecution will lie against a father of children under the age of 14 who neglects to provide them with a proper home, care, food, and clothing (section 10-1402, Burns' Ann. St. 1933, section 2886, Baldwin's Ind. St. 1934), notwithstanding his wife had procured a decree of divorce awarding her the custody of the children, and an allowance for their support. It appears, however, that the father had entirely failed to comply with the order for support, and that the mother was without means of supporting them. But the same section of the statute makes it a felony for the mother to willfully neglect or refuse to provide for her children when charged by law with the maintenance and support thereof, and there-

fore if the father complied with the court order requiring him to contribute to the support of the children, the mother would be at least primarily responsible for their maintenance and support. It is inconceivable that a jury might be free to find a father guilty of a felony for leaving his children without "reasonable" means of support, while he is making that contribution to their support which it was adjudged and decreed that he should make by a court having full jurisdiction to determine the matter. If his contribution to the support of his children is inadequate, the remedy is a modification of the decree. The case should not be considered as authority, at least, in cases where there is a controversy as to whether the husband is complying with the order of the divorce court in respect to the support of the children, and where it does not appear that the children are not being supported.

There is evidence that the father did not pay all of the support money required of him by the decree to the clerk of the court, and that only a part of it was so paid. There is undisputed evidence, however, that the father paid bills for groceries, at the request of his wife, exceeding the deficiency in the payments to the clerk. Sole jurisdiction to determine whether the court's order has been complied with is in the court making the order. The requirement that the money be paid in to the clerk of the court is not of the essence of the order. It is merely directory, and if the mother accepted payments directly to her, in money or its equivalent, it could not reasonably be said that there was a failure to comply with the order. All questions as to the sufficiency of the order, and as to whether it has been complied with, must be committed to the jurisdiction of the court in which the order was made.

Neither the children, whom appellant is charged with having deserted, nor appellant's divorced wife, in whose

custody the children were, were in court at the trial. Their testimony was not taken. The sole witnesses for the state were an adult daughter of appellant and the clerk of the court. The daughter testified as to the amount appellant had paid into the clerk's office by way of contribution to the support of the children; that some of the children were working, and therefore presumably earning something; that the family had more income in the past year than it ever had before for the reason that the children were in school before that; and that "what income we had was from me." The clerk of the court testified as to the payment of support money that had been made in his office, and that was all of the evidence for the state. Appellant testified as to contributions in the form of grocery bills, paid at the request of his wife, exceeding the deficiency in cash payments at the clerk's office, and his evidence was not contradicted or disputed. By the divorce decree the mother became charged by law with the maintenance of the minor children, and if she provided them with the necessary and proper home, care, food, and clothing, and there is no evidence that she did not, no crime has been committed, and it is not material whether adult children living in the home made contributions to the family support. If the father has not made all of the payments required of him by the decree, the mother has a remedy in the divorce proceeding.

The indictment names the children alleged to have been deserted, and gives their ages as 15, 17, and 19 years, respectively. By his motion in arrest of judgment, appellant challenges the sufficiency of the indictment on the ground that the facts alleged do not constitute a public offense. His position is that the statute refers to a child; that an offspring is the child of its father during its life and after it becomes an adult; that the statute cannot reasonably be construed as mak-

ing it a felony to fail to support an adult child, and therefore the words must be construed as referring to children of tender years who are dependent upon their parents; that a dependent child under our juvenile statute is defined as a boy under 16 or a girl under 17 years of age; and that the juvenile statute defining neglected children contains the same limitation as to ages.

It is fundamental that penal statutes are to be strictly construed; that a statute in derogation of a common right and highly penal in character is only to be applied to cases clearly within its provisions; that penalties may not be created by construction, but must be avoided by construction unless they are brought within the letter and the necessary meaning of the act creating the penalty. This requires that where there is ambiguity it must be resolved against the penalty, and only those cases brought within the statute that are clearly within its meaning and intention. It is difficult to conclude that the legislature intended to punish as a felony a failure to do that which there is no civil obligation to do, and for a failure in which there is no civil remedy. A parent is not civilly liable for the support of his adult child, and it must be concluded that adult children are not within the meaning and intention of the statute.

The statute under which the indictment was drawn is section 1 of chapter 358 of the Acts of 1913 (Acts 1913, p. 956). Section 2 of the same act, referred to above, makes it a felony for the father, or, when charged with the maintenance thereof, the mother, to willfully neglect or refuse to provide for their children under the age of 14 years when they have sufficient means. It will be noted that the second section omits the element of desertion, but includes an age limitation, which is not included in the first section. The express limitation of the application of section 2 to children under 14 years

of age, and the absence of such limitation in the first section, must be construed as indicating that there was no intention to limit the application of section 1 to children of any particular age, and therefore it must be construed as applying to all children under the age of 21 years. There can be no conviction under section 1 of the statute unless there is a desertion of the child or children. Under section 2 desertion is not a necessary element, but there can be no conviction unless the child or children are under 14 years of age. Civilly, a father is entitled to the custody, services, and earnings of a minor child, and is under obligation to provide for the welfare of the child, and the child is subject to parental discipline and restraint. Minor children are the subject of the solicitude of the law because it is assumed that until maturity they are not capable of protecting themselves. A statute making it a felony for a father to desert and fail to provide for a child who has submitted to parental control and custody, and who has served, and is willing to serve, the parent, is not in derogation of any common right. The father is civilly liable for the support of such a child, and, in view of the distinguishing age limitation in the second section of the act, the first section must be construed as applying to all children under the age of twenty-one years. There is no civil obligation to support a child, who, having reached an age where he is able to provide for himself, has left the home of his parents, and who is no longer amenable to parental discipline or restraint, and who no longer renders service to the parent. But the element of desertion takes such a child out of the scope of the statute, and the father is only criminally liable for failure to provide for children above the age of 14 years in case he has deserted them. The motion in arrest was properly overruled.

There is no evidence that appellant deserted his child

or children, or that they were left without reasonable means of support and continuing support, or a charge upon any county or township in this state. The overruling of the motion for a new trial was erroneous.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.