## GILMOUR *v.* STATE OF INDIANA.

[No. 28,836. Filed March 6, 1952. Rehearing denied April 7, 1952.]

David A. Myers, of Greensburg, for appellant.

J. Emmett McManamon, Attorney General; William T. McClain and John Ready O'Connor, Deputy Attorneys General, for appellee.

JASPER, J.—Appellant was charged by affidavit with wilfully neglecting and refusing to provide his children with necessary and proper home care, food, and clothing, under §10-1402,[1] Burns' 1942 Replacement. He

---

[1] Section 10-1402, Burns' 1942 Replacement, provides, in part, as follows:

"The father, or, when charged by law with the maintenance thereof, the mother, of a child or children, under four-

filed a plea and a supplemental plea in abtatement, challenging the jurisdiction of the Rush Circuit Court, to which demurrers were filed and sustained. A plea of not guilty was entered, trial by jury was waived, there was a finding and judgment of guilty, and sentence followed.

The sole error presented is the action of the trial court in sustaining the demurrers to the plea in abatement and the supplemental plea in abatement.

The plea and supplemental plea in abatement show, among other things, that appellant and the prosecuting witness were married on November 27, 1937, as a result of which they had four children; that a divorce was granted to them on March 2, 1945, by the Decatur Circuit Court; that custody of the four children, all under fourteen years of age, was given to the prosecuting witness; that appellant was ordered to pay to the Clerk of the Decatur Circuit Court the sum of $18 per week, for the use, benefit, and care of the children; that on November 12, 1949, appellant was delinquent in his support payments, and contempt proceedings were filed ordering appellant to show cause; that a hearing was had and the matter taken under advisement; that on April 15, 1950, the prosecuting witness again filed contempt proceedings; that a hearing was had and the court took the matter under advisement; that the affidavit charging the criminal offense was filed against appellant on August 10, 1950. Appellant's supplemental

teen [14] years of age, living in this state, who, being able, either by reason of having means or by personal services, labor or earnings, shall wilfully neglect or refuse to provide such child or children with necessary and proper home care, food and clothing shall be deemed guilty of a felony, and, upon conviction, be punished by imprisonment in the state prison or reformatory for not more than seven [7] years nor less than one [1] year: . . . ."

plea in abatement further shows that the Decatur Circuit Court still had jurisdiction over appellant, with power to make such orders as it might deem fit to provide proper care, food, and clothing for said children; that the application of the prosecuting witness to require appellant to show cause why the support money had not been fully paid, and that he be punished for contempt of court, was under advisement by the Decatur Circuit Court; further, that appellant had applied all money to such support order that it was possible for him to do under his weekly wages.

Appellant contends that the Rush Circuit Court did not have jurisdiction in the case at bar, and that the filing of the criminal affidavit was a collateral attack upon the jurisdiction of the Decatur Circuit Court. This court has said that a court having jurisdiction of the subject-matter and of the parties must also have jurisdiction of the particular case. *State ex rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 84 N. E. 2d 585. This court has further said that where the crime charged is an omission to do an act, the venue[2] of the offense is in the county where the act should have been performed. The act in the case at bar to be performed was the support of the children. The place to perform the act, the omission of which act resulted in the crime charged, was in Rush County where the children resided. *State* v. *Yocum* (1914), 182 Ind. 478, 106 N. E. 705. See, also, *United States* v. *Anderson* (1946), 328 U. S. 699, 66 S. Ct. 1213, 90 L. Ed. 1529. The affidavit filed in the Rush Circuit Court charged a criminal offense, and the action pending in the Decatur Circuit Court charged a civil contempt. *Perry* v. *Pernet* (1905), 165 Ind. 67, 74 N. E. 609. The Decatur Circuit Court could only coerce appel-

2 See *Brown* v. *State* (1941), 219 Ind. 251, 37 N. E. 2d 73.

lant into doing an affirmative act. It could not punish him for the criminal offense charged under §10-1402, Burns' 1942 Replacement. *State ex rel. McMinn* v. *Gentry* (1951), 229 Ind. 615, 100 N. E. 2d 676. The criminal offense charged was not a collateral attack upon the jurisdiction of the Decatur Circuit Court.[3] The Decatur Circuit Court, under §3-1219, Burns' 1946 Replacement, made provision for the custody and support of the minor children, but the Rush Circuit Court, in whose jurisdiction the minor children later resided, had jurisdiction of the criminal offense, wherein appellant was charged with *wilfully neglecting and refusing* to provide for his minor children. The jurisdiction of the Decatur Circuit Court was invoked in the application for civil contempt of appellant. The jurisdiction of the Rush Circuit Court was invoked in the criminal offense.[4] From the contempt proceeding appellant could purge himself. He alone holds the key to the jail. *State ex rel. McMinn* v. *Gentry, supra.* From the criminal offense, if proved beyond a reasonable doubt, appellant could neither purge himself, nor does he hold the key to the jail. The invoking of the jurisdiction of the Rush Circuit Court in the criminal offense was not an interference with the jurisdiction of, nor a collateral attack upon the proceedings pending in, the Decatur Circuit Court, nor upon its right to change or modify the custody or support order.

---

[3] "The fact that an act constituting an indirect or constructive contempt is also an offense for which the accused may be prosecuted criminally does not deprive the court of its inherent power to punish the guilty party for contempt." Dangel, *Contempt*, §216, p. 104.

See, also, "Same Acts Punishable as Crime," §418, p. 183.

[4] See *State ex rel. Duensing* v. *Roby et al.* (1895), 142 Ind. 168, 41 N. E. 145. Punishment for contempt and for a crime does not put a person twice in jeopardy.

The demurrer to the plea in abatement was properly sustained.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 2d 127.

## ON PETITION FOR REHEARING

JASPER, J.—Appellant, in his petition for rehearing, has requested this court to clarify its opinion by inserting additional facts alleged in his plea in abatement, which are, in substance, as follows:

That in compliance with the order of the Decatur Circuit Court, the court in which the divorce was granted, and the order to make weekly payments was made, he had paid to the Clerk of the Decatur Circuit Court, pursuant to that order, the sum of $4,241.70; that he made a payment on August 2, 1950, prior to the filing of the criminal affidavit on August 10, 1950, and thereafter continued to make payments as shown by the supplemental plea in abatement; that appellant's sole property, including that of his wife, consisted of household and kitchen furniture, subject to a mortgage in favor of a finance company for $187, and his only income was from his labor, which gave him a take-home check of $37.13 each week; that he did not wilfully neglect or refuse to comply with the court's order to the best of his ability.

The plea and supplemental plea in abatement did not allege facts sufficient to abate the action, and, at most they were facts in bar to be considered by the court at the time of trial.

The offense charged was in the language of the statute. Appellant was charged with wilfully neglecting and refusing to provide for his minor children. The plea and supplemental plea in abatement show

on their face that appellant was not complying with the order of the court. As heretofore said, these were matters in defense and not in abatement. If appellant had fully paid the support, as ordered in the Decatur Circuit Court, it would have been a good defense in the Rush Circuit Court. The Decatur Circuit Court still retains jurisdiction to change or modify the custody and support order.

Appellant, in his brief on petition for rehearing, contends that he is ordered now to make two payments of $18 per week,[1] or a total of $36 per week, for the support of his minor children. With this we do not agree. Appellant is required by the court, as a condition of his probation, to pay $18 per week for the support of the minor children. Upon proper showing to the Decatur Circuit Court, the payment made to the Rush Circuit Court should be credited on the support payment as ordered by the Decatur Circuit Court.

Appellant further contends in his petition for rehearing that the case of *Manners* v. *State* (1936), 210 Ind. 648, 5 N. E. 2d 300, criticized and overruled the case of *State* v. *Yocum* (1914), 182 Ind. 478, 106 N. E. 705. With this we do not agree. The first-cited case was an appeal from a conviction based on an indictment under §10-1401, Burns' 1942 Replacement. The case was reversed for failure to prove desertion, or that the children were left without reasonable means of support and continuing support, or a charge upon any county or township in this state. The court, in the *Manners Case,* discussing in part the *Yocum Case,* said (p. 652 of 210 Ind., p. 302 of 5 N. E. 2d) :

"The case should not be considered as authority, at least, in cases where there is a controversy as to whether the husband is complying with the

---

[1] See *Spade* v. *State* (1909), 44 Ind. App. 529, 89 N. E. 604.

order of the divorce court in respect to the support of the children, and where it does not appear that the children are not being supported."

The *Manners Case* neither criticized nor overruled the questions of jurisdiction and venue as decided in *State* v. *Yocum, supra.*

After considering all of appellant's contentions, he has not convinced us that we have erred in our decision in this case, and his petition for rehearing is therefore denied.

NOTE.—Reported in 104 N. E. 2d 742.

