GILLESPIE, Chief Justice.
Wilfred Dwight Martin was convicted in the Circuit Court of Leake County of felo-niously neglecting his minor children, leaving them in destitute and necessitous circumstances. He was sentenced to serve two years in the penitentiary but was placed on probation for five years with the special provision that he pay $350 per month for the support of his minor children.
Defendant argues on appeal that the state failed to prove the crime charged and that the trial court should have sustained his motion that he be discharged. We agree.
The facts are without substantial dispute. Defendant and his wife were divorced by decree of the Chancery Court of Leake County on February 13, 1968, and the decree required defendant to pay $100 per month for the support of his five minor children. Defendant failed to pay the February and March, 1969, child support payments and at the April, 1969 term of court he was indicted, at which time he was $175 in arrears. Defendant borrowed this amount from his father and paid the ar-rearage and since that time over a period of five years he has not missed another payment. There has been no change in the decree of the chancery court with reference to child support. The trial occurred at the April, 1974 term of court.
The stated question has two points of inquiry.
First, did the failure to make the February and March, 1969, payments render defendant guilty of the crime charged? Defendant was $175 in arrears when indicted. He borrowed the money from his father and paid the past due balance and never thereafter missed a payment in the five years intervening between the indictment and the trial. Moreover, he testified that he missed the payments because he was ill, and this testimony was not refuted. On this record we hold that the delay in paying these two installments does not prove the crime charged.
Second, assuming the payments of $100 per month made between 1969 and the date of the trial in 1974, in compliance with the chancery court decree, were insufficient to maintain his minor children, did his failure to pay more render him criminally liable? This precise question has not been before this Court. The chancery court has jurisdiction in matters of divorce and child custody, but this does not affect the jurisdiction of the law courts in cases of criminal nonsupport where there is no chancery decree or where the defendant fails to obey the support decree. Williams v. State, 207 Miss. 816, 43 So.2d 389 (1949).
The rule stated in Annot., 73 A.L.R.2d 960, 967 (1960), is as follows:
Where a divorce decree awards custody of a child to the mother and orders the *927 father to make periodic payments for the support of the child, and the father complies with the order for payments, he cannot be deemed guilty of a wilful failure to support the child even though the payments are not sufficient to maintain the child.
We agree with the statement in Manners v. State, 210 Ind. 648, 5 N.E.2d 300 (1936), that:
It is inconceivable that a jury might be free to find a father guilty of a felony for leaving his children without “reasonable” means of support, while he is making that contribution to their support which it was adjudged and decreed that he should make by a court having full jurisdiction to determine the matter. If his contribution to the support of his children is inadequate, the remedy is a modification of the decree. 210 Ind. at 652, 5 N.E.2d at 302.
Criminal sanctions are not an appropriate means to modify a chancery court decree for child support which is being complied with by the parent. The record indicates that the defendant has been within the state since the rendition of the divorce decree in 1968, and there is no contention that he has not been subject to the jurisdiction of the Chancery Court of Leake County if a modification of the support decree had been sought.
For the reasons stated, the judgment of conviction is reversed and defendant discharged.
Reversed and defendant discharged.
RODGERS, P. J., and PATTERSON, SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.