## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 17 2020, 8:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer G. Shircliff
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael J. Lusinger, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 17, 2020<br><br>Court of Appeals Case No.<br>20A-CR-18<br><br>Appeal from the Brown Circuit Court<br><br>The Honorable Mary H. Wertz, Judge<br><br>Trial Court Cause No.<br>07C01-1711-F6-661 |

**Baker, Senior Judge.**

[1] Michael Lusinger appeals his convictions for two counts of Level 6 Felony Nonsupport of a Dependent Child.[1] Lusinger argues that (1) there is insufficient evidence establishing that Brown County was an appropriate venue; and (2) the trial court erred by finding that Lusinger failed to overcome the presumption that he knowingly, voluntarily, and intelligently waived his right to be present at his jury trial when he failed to appear on the date his trial was set to begin. Finding sufficient evidence of venue and no error with respect to Lusinger's waiver of his right to be present at trial, we affirm.

# Facts

[2] Lusinger married Lori McGee in July 2007; the couple had two children together. In July 2012, McGee filed for divorce in Brown County. As part of their mediated settlement agreement, Lusinger was ordered to make monthly child support payments of $800 through the Brown County Clerk's Office beginning in August 2013. For the nineteen-month period between October 16, 2015, and May 19, 2017, Lusinger failed to make any monthly child support payments, accumulating an arrearage of over $15,000.

[3] On November 6, 2017, the State filed two charges of Level 6 felony nonsupport of a dependent against Lusinger. Lusinger's jury trial was ultimately scheduled for July 31, 2019. At a final pretrial hearing on July 15, 2019, Lusinger failed to appear. Lusinger's attorney informed the trial court that Lusinger's vehicle had

---

[1] Ind. Code § 35-46-1-5(a).

broken down while he was traveling from his home in Arkansas to the hearing in Brown County. Counsel requested a continuance, the State objected, and the trial court denied the continuance. At a July 29, 2019, hearing, counsel stated that Lusinger would not be able to attend the trial; counsel also confirmed that Lusinger was aware that trial was scheduled for July 31.

[4] Lusinger failed to appear at the July 31, 2019, trial. He was tried in absentia, though the trial court noted that Lusinger would have an opportunity to address the issue if he were convicted and taken into custody. During the trial, a Title IV-D administrative assistant testified that Lusinger was required to pay $800 per month through the Brown County Clerk's Office and that Lusinger failed to make those payments between October 2015 and May 2017. At the close of the trial, the jury found Lusinger guilty as charged and the trial court issued a bench warrant.

[5] Lusinger traveled to Indiana and was arrested on November 18, 2019. Before the start of his sentencing hearing on December 2, 2019, the trial court provided Lusinger a chance to rebut the presumption that he knowingly and voluntarily waived his right to be physically present at his jury trial. Lusinger testified that he lived in Arkansas and lacked the financial means to travel to Indiana for his jury trial. While he was en route to his July 15 pretrial conference, his vehicle broke down and he used the money in his possession at the time to pay for a tow truck to transport his vehicle back home; after that time, he did not have enough money to travel to Indiana for the trial. Lusinger admitted that he did not consider using the money to purchase a bus ticket. He also admitted that,

while his mother (with whom he lived) owns a car, he never asked if he could borrow her vehicle to travel to Indiana for his trial. Lusinger offered no evidence of his assertions other than his testimony. The trial court found that Lusinger failed to overcome the presumption of a waiver of his right to be present at trial and proceeded to sentencing. The trial court sentenced Lusinger to 545 days, with 180 days executed. Lusinger now appeals.

# Discussion and Decision

## I. Venue

Venue is not an element of a criminal offense, meaning that the State is only required to prove venue by a preponderance of the evidence rather than beyond a reasonable doubt. *Alkhalidi v. State*, 753 N.E.2d 625, 628 (Ind. 2001). The sufficiency of the evidence proving venue is reviewed like any other sufficiency issue; therefore, in examining the evidence proving venue, we will neither reweigh evidence nor assess witness credibility. *Smith v. State*, 835 N.E.2d 1072, 1074 (Ind. Ct. App. 2005).

Indiana Code section 35-32-2-1(a) provides that "criminal actions shall be tried in the county where the offense was committed, except as otherwise provided by law." When a criminal action is brought based on a defendant's alleged omission of an act, "venue of the offense is in the county where the act should have been performed." *Eckstein v. State*, 839 N.E.2d 232, 233 (Ind. Ct. App. 2005).

[8] Lusinger's nonsupport of a dependent charges were based on his knowing or intentional failure to provide support to his dependent child. I.C. § 35-46-1-5(a). Consequently, venue was proper in any county where the payments should have been made. Lusinger also directs our attention to caselaw (based on an outdated venue statute) provides that venue is proper in the county where the child lives. *Gilmour v. State*, 230 Ind. 454, 457, 104 N.E.2d 127, 128 (1952).

[9] In this case, the following evidence supports Brown County as the venue for this action:

- The mediated settlement agreement between Lusinger and McGee provides that Lusinger's monthly child support payments would be paid through the Brown County Clerk's Office.
- The Brown County IV-D administrative assistant testified at trial that Lusinger was required to pay his child support obligation through the Brown County Clerk.
- McGee testified that Lusinger was supposed to make his payments to the Brown County Clerk.
- McGee testified that the children attended school in Brown County.

This evidence allows for a reasonable inference that Lusinger's failure to pay child support occurred in Brown County. In other words, the State proved venue by a preponderance of the evidence. We find no error on this basis.

## II. Waiver

[10] Criminal defendants have a right under the federal and state constitutions to be present at all stages of their trials. *Jackson v. State*, 868 N.E.2d 494, 498 (Ind. 2007). Like most constitutional rights, however, the right to be present can be

waived in non-capital cases. *Lampkins v. State*, 682 N.E.2d 1268, 1273 (Ind. 1997), *modified on reh'g*, 685 N.E.2d 698 (Ind. 1997).

[11] A defendant who waives his right to be physically present at trial must do so knowingly and voluntarily. *Jackson*, 868 N.E.2d at 498. The "best evidence that a defendant knowingly and voluntarily waived his or her right to be present at trial is the 'defendant's presence in court on the day the matter is set for trial.'" *Lampkins*, 682 N.E.2d at 1273 (quoting *Fennell v. State*, 492 N.E.2d 297, 299 (Ind. 1986)). Therefore, if a defendant fails to appear for trial and there is evidence that he was aware of the scheduled trial date, the trial court may presume that he has knowingly and voluntarily waived his right to be present and may try him in absentia. *Freeman v. State*, 541 N.E.2d 533, 535 (Ind. 1989).

[12] Where the defendant fails to appear and is tried in absentia, the trial court must give him an opportunity "to explain his absence and thereby rebut the initial presumption of waiver." *Brown v. State*, 839 N.E.2d 225, 227 (Ind. Ct. App. 2005) (internal quotation marks omitted). On appeal, we consider the entire record to determine whether the defendant voluntarily, knowingly, and intelligently waived his right to be present at trial. *Soliz v. State*, 832 N.E.2d 1022, 1029 (Ind. Ct. App. 2005).

[13] The issue here is not whether the trial court erred by trying Lusinger in absentia. Both parties agree that Lusinger was aware of the trial date and failed to appear on that date. The issue, instead, is whether the trial court erred by

finding that Lusinger failed to present sufficient evidence to rebut the presumption that his waiver was knowing, voluntary, and intelligent.

[14] A defendant is not entitled to a new trial merely because he asserts that transportation issues prevented him from being present at his trial date. *See id.* at 1029-30 (affirming conviction after defendant was tried in absentia despite his claim that his failure to attend the second day of trial was because—among other things—he was unable to start his car). Instead, what matters for the purpose of determining the voluntariness of a defendant's waiver is whether "problems or emergency situations" arise that, "despite good faith efforts, prevent a defendant's timely arrival." *Brown*, 839 N.E.2d at 231 (internal quotation marks omitted).

[15] In this case, the record reveals that Lusinger's vehicle broke down when he was en route from Arkansas to Indiana for his final pretrial conference. At that time, he still had two weeks to make alternative travel arrangements to attend his jury trial. We acknowledge Lusinger's claim that he is indigent, and appreciate that a trip of this length is not necessarily a simple matter.[2] But the record reveals that he did not exhaust his options to travel to Indiana for the trial. For example, he did not even ask his mother, with whom he lived,

---

[2] Lusinger cites to *Hawkins v. State*, 982 N.E.2d 997 (Ind. 2013), in support of his argument that his indigency and lack of transportation rendered his absence involuntary. *Hawkins*, however, concerned waiver of the right to counsel and the trial court's decision to try the defendant in absentia without legal representation. That raises an entirely different set of issues and rules. In this case, while Lusinger himself did not appear, he was represented by counsel at trial. Therefore, *Hawkins* is inapposite.

whether he could borrow her vehicle to drive to Indiana for the trial. We also note that Lusinger offered no evidence aside from his own self-serving testimony to support his claims that he lacked transportation, had his vehicle towed, and was trying to have the vehicle repaired. Moreover, he gave conflicting testimony as to whether the vehicle was still in his possession and did not testify about any specific steps he took to find alternative transportation.

[16] It is solely within the purview of the trial court to assess witness credibility. It is evident that the trial court did not find Lusinger to be a compelling or believable witness, and we decline to second-guess that assessment. Given this record, we find that the trial court did not err by concluding that Lusinger failed to overcome the presumption that he knowingly, voluntarily, and intelligently waived his right to be present at his jury trial.

[17] The judgment of the trial court is affirmed.

Bailey, J., and Vaidik, J., concur.