## Vigo American Clay Company *v.* Kelley, Guardian.

[No. 12,149. Filed April 9, 1925.]

1. Master and Servant.—*Minor child of deceased employee was dependent on him though not living with or supported by him at time of his death.*—Under §38 of the Workmen's Compensation Act (Acts 1919 p. 158, §8020v1 Burns' Supp. 1921), a child under eighteen years of age was a dependent of its father, though not living with or supported by him at the time of his injury or death, since the legal duty of supporting such child rested upon him, although that duty was being performed by another, in whose home it was living. p. 676.

2. Parent and Child.—*Parent's obligation to support child continues until removed by law.*—Parent's obligation to support his child continues during his life unless removed or shifted in some way recognized by the law. p. 676.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Frank A. Kelley, guardian of

Laura Marie Johnson, against the Vigo American Clay Company. From an award for claimant, the defendant appeals. *Affirmed.*

*Joseph W. Hutchinson,* for appellant.

*Miller & Kelley,* for appellee.

ENLOE, J.—The facts of this case, and concerning which there is no dispute in this court, are as follows: On April 18, 1924, one Otis Johnson, an employee of appellant, came to his death, by accident arising out of and in the course of his employment, on said day; that said Johnson was a widower, his wife having died early in the year 1919; that at the time of her death, said wife left surviving her her husband, said Otis Johnson, and one child, Laura Marie Johnson, then only a few days old; that after the death of said mother, said child was at once taken to the home of one Homer Hunter, where she has since lived; that said Hunter has supplied her with food and clothing since she has been in his home, but never took any steps towards legally adopting said child; that since said child has been in the home of said Hunter, her father has contributed nothing towards her support; that after the death of said father, said Frank A. Kelley was duly appointed as guardian for said child, and as such, filed an application for an award of compensation. The Industrial Board made an award of compensation, as asked, from which order this appeal is prosecuted.

The question for decision in this case, upon the foregoing facts, is: Was Laura Marie Johnson, ward of appellee, on April 18, 1924, a dependent upon her

1, 2. father, Otis Johnson, within the provisions of clause "d," of §38, of our Workmen's Compensation Act (Acts 1919 p. 158, §8020v1 Burns' Supp. 1921)? Section 38 of said act, so far as the same is involved in this case, is as follows: "The following

persons shall be conclusively presumed to be wholly dependent for support upon a deceased employe * * *; (d) A child under eighteen years upon the parent with whom he or she may not be living at the time of the death of such parent, but upon whom, at such time, the laws of the state impose the obligation to support such child." By express provision of our statute, (§2636 Burns 1914, Acts 1907 p. 160) a *legal* obligation was imposed upon the father, Otis Johnson, to support this child. That obligation was imposed upon him at the birth of said child, and thereafter, during his life, it continues, unless removed or shifted in some way recognized by the law. True, we may say, that Hunter and his wife, under the circumstances of this case, while they retained the custody of said child, were *morally* bound to supply her reasonable wants, as to her support, but this burden was not one imposed upon them by *the law,* and it was a burden they could put aside at any time by returning the custody of said child to its father. The *legal* duty to support this child, upon this record, at all times rested upon the father, but this legal duty was, for the time being, as between said father and Hunter, being performed by Hunter, for the father, not because of any *legal* duty resting upon Hunter, but because he recognized his moral obligation in that behalf. The record discloses no fact or facts which would have the effect of relieving Johnson of his legal duty to support said child; this duty remained upon him.

Upon the facts, the award herein was right and must be affirmed.