HERBERT E. MARTIN *et al. vs.* NARRAGANSETT ELECTRIC LIGHTING COMPANY.

JUNE 6, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is a petition brought under the provisions of Chapter 92, of General Laws 1923, known as the Workmen's Compensation Act, for compensation for the death of Leo E. Martin, who died from injuries arising out of and in the course of his employment by the Narragansett Electric Lighting Company. The petition is brought by the deceased's father and mother who contend that they were at the time of the son's injury and death partially dependent upon him for support. The deceased lived with his parents, the petitioners, as did also a brother and sister of deceased. The brother and sister, contending that they were wholly dependent upon the deceased, were permitted to intervene and become parties. Two children of the deceased, Gwendolyn L. Martin, age 12 years, and Milton E. Martin, age 10 years, were, by order of the Superior Court, made parties respondent, and a guardian *ad litem* was appointed for them by said court. Said children of the deceased employee were living apart from their father with their mother who had obtained a decree of absolute divorce from him. Said decree granted the care and custody of said children to their mother but made no provision for the children's support.

The Narragansett Electric Lighting Company admitted liability and the real dispute was between the different claimants for compensation. The justice who heard the petition found that the daughter received regularly for her support the sum of $3.00 per week from her father and that "the son apparently received nothing more than small presents which could not be counted as determining dependency"; that the daughter was dependent upon the deceased for support and that the son was not.

Article II, Section 7 of said chapter provides in part as follows: "Sec. 7. The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: . . . (c) A child or children . . . upon the parent with whom he is or they are living or upon whom he or they are dependent at the time of the death of

such parent, there being no surviving dependent parent. In case there is more than one child thus dependent, the compensation hereunder shall be divided equally among them." There being no surviving dependent parent, said justice in applying the above statutory provisions to his findings of fact, ruled that, the daughter being dependent upon the father to some extent for support, it was conclusively presumed that she was wholly dependent upon him. The decree which was entered provided that the daughter Gwendolyn was entitled to the total compensation due from the respondent. Appeals from this decree were taken by the petitioners, who are the employee's father and mother, and by the brother and sister.

So far as appears from his rescript said justice did not consider the question whether a child who is supported by charity apart from the father—who at the time he was killed is providing nothing for the child's support—is entitled, in the absence of a dependent mother, to compensation by reason of the duty of the father to provide for the support of such a child. We have not passed upon the question suggested because it appears from the evidence that the deceased employee was, at the time of his death, contributing to the support of the boy.

It was argued by counsel for the two children that there was no evidence warranting a finding that the boy was in no respect dependent upon his father. Said finding was a finding of fact. Section 6 of Article III of said chapter provides that findings of fact by the trial justice are conclusive in the absence of fraud. See *Corria* v. *Fink Bros.*, 45 R. I. 80. However, it is a question of law whether there is any evidence to support a finding of fact. While we have no authority to review a finding of fact based upon conflicting evidence, if there is no evidence in support of the finding it is our duty to apply the law although the result be a reversal of such finding of fact. In *Collins* v. *Cole*, 40 R. I. 66, we said: "The petitioner is undoubtedly

correct in saying that the finding of the lower court is reviewable here in the absence of evidence to support it."

It appears that the mother contributed little, if anything, to the support of either of the children. Both lived with their mother's parents. Each week the father sent $3.00 by the girl to the grandmother with whom the children lived. There was some slight evidence to the effect that the money was used for the exclusive support of the girl. However, it appears that the father gave spending money to both children and that he frequently visited the grandmother and gave her on each occasion $10 to be applied to the support of both children. Excepting the support contributed by the father, both children were almost, if not quite, totally dependent upon the charity of their grandparents. The evidence as to support provided by the father for the children was uncontradicted. We approve the finding that the girl was dependent. There being no evidence to support the finding that the boy was to no extent dependent upon the father, we can not approve such finding. We find that the boy was partially dependent upon his father, the deceased employee, and therefore by force of the statute deemed to be wholly dependent upon him.

While the guardian *ad litem* of the children took no appeal in behalf of the boy, nevertheless, the provisions of Article III, Section 10 of said chapter are broad enough to confer upon us jurisdiction to so modify the decree as to do justice to the boy. Said section provides as follows: "The supreme court after hearing any appeal shall determine the same, and affirm, reverse or modify the decree appealed from, and may itself take, or cause to be taken by the superior court, such further proceedings as shall seem just."

The appeals of the father, mother, brother and sister are denied. The decree appealed from is so modified as to provide that Gwendolyn L. Martin and Milton E. Martin were both receiving support from the deceased employee at the time of his injury and death and both—instead of

Gwendolyn alone—are conclusively presumed to be wholly dependent upon the deceased employee for support and are entitled to share equally in the total compensation due from the respondent and that the payments directed by said decree to be paid to the legal guardian of said Gwendolyn L. Martin be paid in lieu thereof to the legal guardian of Gwendolyn L. Martin and Milton E. Martin for the equal benefit of both of said children. In all other respects said decree is affirmed.

The parties may, on June 19, 1928, present for our approval a form of decree, to be entered by the Superior Court, in accordance with this opinion.

*Cooney & Cooney,* for petitioners.

*Lester T. Murphy, William G. Troy,* for Gwendolyn L. Martin.

*Christopher J. Brennan,* for Laurence and Mildred Martin.

*Clifford Whipple, Earl A. Sweeney,* for Narragansett Electric Lighting Co.