HAVRE DE GRACE FIREWORKS COMPANY
ET AL. *v.* HOWE ET AL.

[No. 63, October Term, 1954.]

 

 

*Decided January 17, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Philip T. McCusker, Special Attorney for the State Accident Fund,* with whom were *Edward D. E. Rollins, Attorney General, Harry A. Cole, Special Attorney,* and *A. Freeborn Brown,* on the brief, for the appellants.

*J. Howard Holzer* and *Paul J. Yeager* for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

On January 16, 1953, Jack Charles Howe, an employee of Havre de Grace Fireworks Company, Inc., was injured in an explosion in the course of his employment and he died four days later as a result of his injuries. Claims were filed with the State Industrial Accident Commission by his widow, Minnie P. Howe, who was his second wife, and by three infant children by his first wife.

It was shown at the hearing before the Commission that the employee's first wife died in 1944, and shortly afterwards the children were placed in the General

German Orphan Home in Catonsville. He married again in 1948. His second wife supplemented his income by working at the fireworks plant. Yet, after the children were placed in the orphanage he contributed very little, except incidentals, toward their support.

On November 16, 1953, the Commission found that the widow and three children of the employee were all partially dependent upon him for support at the time of his accidental injury and death, and passed an order requiring the employer and the State Accident Fund, insurer, to pay compensation to the widow at the rate of $16 per week for 125 weeks, not to exceed the sum of $2,000, and to the children at the rate of $8 per week for 125 weeks, not to exceed the sum of $1,000. The claimants appealed from that award to the Circuit Court for Harford County.

At the trial in the Circuit Court, two issues were presented to the jury: (1) Was the widow totally dependent upon the deceased? and (2) Were the children totally dependent upon the deceased?

At the close of the claimants' case, the employer and the insurer requested the Court to instruct the jury that there was no evidence legally sufficient to show that the claimants were wholly dependent upon the deceased at the time of his injury, and therefore to direct a finding affirming the order of the State Industrial Accident Commission. The trial judge overruled their motion.

On the first issue the jury answered "No", thus deciding that the widow was only partially dependent. On the second issue the jury answered "Yes," deciding that the children were totally dependent.

The employer and the insurer filed a motion for a judgment *n.o.v.* or for a new trial, and the judge also overruled that motion. Judgment was then entered affirming the order of the Commission in part and reversing it in part. The widow appealed from the first part of the judgment, and the employer and the insurer appealed from the second part. The widow subsequently dismissed her appeal.

We now have before us the appeal of the employer and the insurer, who contend that the trial judge erred in refusing to rule that the children were not totally dependent upon the employee at the time of his injury, and in overruling the motion for a judgment *n.o.v.*

The Maryland Workmen's Compensation Act, as originally enacted in 1914, Laws 1914, ch. 800, and as amended in 1945, Laws 1945, ch. 335, prescribed the method of determining dependency as follows:

> "The following persons shall be presumed to be wholly dependent for support upon a deceased employee: A wife or invalid husband * * *, a child or children under the age of sixteen years (or over said age if physically or mentally incapacitated from earning) living with or dependent upon the parent at the time of the injury or death.
>
> "In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in death of such employee, * * *."

Thus during the period of 33 years, from 1914 until June 1, 1947, when Chapter 895 of the Laws of 1947 took effect, the Act directed that the wife of a deceased employee was presumed to be wholly dependent upon him for support, and a child under the age of 16 was presumed to be dependent upon him if he was living with him or was dependent upon him at the time of the fatal injury.

By the Act of 1947 the Legislature struck out the provision for presumption of dependency, and made every question of dependency a question of fact to be determined by the Commission. Since 1947 the Act has provided as follows: "In all cases, questions of dependency, in whole, or in part, shall be determined by the Commission in accordance with the facts in each particular case existent at the time of the injury resulting in death of such employee." Laws 1947, ch. 895, Laws

1949, ch. 461, Laws 1951, ch. 451, Code 1951, art. 101, sec. 35(8)(d).

The presumption of dependency raised by the Maryland Act was always held to be a rebuttable presumption. Our view was in accord with the ruling in England that children living apart from their father and not receiving any support from him should not be regarded as dependents under the Workmen's Compensation Act. In *Polled v. Great Northern Ry. Co.,* 1912, W. C. & Ins. Rep. 379, 5 Butterworth's W. C. C. 115, where the workman who was killed had lived apart from his wife and a daughter, and had once given his wife five pounds, which she afterwards stated in a letter she considered as a loan, and had given his daughter one pound and a pair of boots, the trial judge ruled that the widow and the daughter were partially dependent upon the workman because of the presumption of dependency of widows and of children under the age of 21. But the Court of Appeals held that the trial judge had in effect "misdirected himself."

The Maryland Act was different in this respect from the Rhode Island Act, which provided that a child shall be conclusively presumed to have been wholly dependent for support upon the parent with whom he lived or upon whom he was dependent at the time of his death. Accordingly in *Martin v. Narragansett Electric Lighting Co.,* 49 R. I. 265, 142 A. 225, where the workman who was accidentally killed had been divorced and his two children went to live with their grandmother, and he sent her $3 each week and frequently visited her and gave her $10 to be applied to their support, the Supreme Court of Rhode Island pointed out that, while the children were almost entirely dependent upon the charity of their grandparents, and only partially dependent upon their father, nevertheless by force of the statute they were deemed to be wholly dependent upon him.

The Workmen's Compensation Act of Indiana contained a provision that a child under the age of 18 shall be conclusively presumed to be wholly dependent for

support upon a parent "with whom he or she may not be living at the time of the death of such parent, but upon whom, at such time, the laws of the state impose the obligation to support such child." In *Vigo American Clay Co. v. Kelley,* 82 Ind. App. 675, 147 N. E. 301, it was held that the daughter of a deceased workman was entitled to compensation for his death although she had not been living with him and had not received any support from him, because there still rested upon the father the legal duty to support the child. On the other hand, in *Advance Rumley Co. v. Freestone,* 89 Ind. App. 653, 167 N. E. 377, 633, where a child had been committed to a manual labor institution as a delinquent, without any order requiring his father to contribute to his support, it was held that the child was not entitled to compensation because the effect of the decree depriving his father of custody was to relieve him of his legal duty to support the child as long as the decree remained in force.

Generally defined, a "dependent," within the meaning of the Maryland Workmen's Compensation Act, is one who relies wholly or in part upon a workman for the reasonable necessities of life at the time of his accidental injury. *Meyler v. Mayor and City Council of Baltimore,* 179 Md. 211, 215, 17 A. 2d 762. A legal or moral obligation to support someone, in the absence of actual support, does not create dependency within the meaning of our Act. As the Court, speaking through Judge Henderson, said in *Kendall v. Housing Authority of Baltimore City,* 196 Md. 370, 375, 376, 76 A. 2d 767, "When the legislature eliminated the enumerated instances of relationship by blood or marriage to which recovery had been limited, we think it left as the only requirement a finding of fact that the claimant was subsisting, and would probably continue to subsist, in whole or in part upon the earnings of the workman at the time of the injury."

We apply in workmen's compensation cases the familiar rule that where there is any evidence from which a rational conclusion may be drawn, as opposed to the

theory of the prayer for a directed verdict, the weight and value of such evidence should be left for the consideration of the jury, and before such a prayer can be granted, the court must assume the truth of all the evidence tending to sustain the claim or defense, as the case may be, and of all inferences of fact fairly deducible from it. Moreover, the Court of Appeals cannot make a critical analysis of the evidence produced by both sides to determine its comparative weight, but it determines only whether there was any evidence legally suffcient to be submitted to the jury. *State, to Use of State Accident Fund v. Carroll-Howard Supply Co.,* 183 Md. 293, 300, 37 A. 2d 330; *Martin G. Imbach, Inc. v. Tate,* 203 Md. 348, 100 A. 2d 808.

For instance, in *Bethlehem-Fairfield Shipyard, Inc. v. Rosenthal,* 185 Md. 416, 45 A. 2d 79, where the wife of the deceased employee had taken a position because she wanted to occupy her mind while her son was in the Navy and her daughter was in school, and she intended to work only until her son returned home, this Court held that, since she had been supported by her husband during her entire married life, the testimony could be interpreted by the jury as indicating that her work was only temporary and that her intention was to depend solely upon her husband's income, and hence it warranted the jury's verdict that there was total dependency.

But the case of *State Industrial Accident Commission v. Downtown,* 135 Md. 412, 109 A. 63, is more nearly analogous to the case at bar. There a coal miner, who had been killed in the course of his employment, had been divorced, and the custody of the children had been given to his wife, but there had been no order for payment of alimony. The father had frequently seen the children and was in the habit of giving them a half dollar, quarter, or dime, and on rare occasions gave them some clothing. This Court held that the children were as a matter of law in a state of partial dependency rather than total dependency upon the father.

Another case somewhat analogous to the case at bar is *Brooks v. Bethlehem Steel Co.*, 199 Md. 29, 85 A. 2d 471. In that case the Court held that the evidence was insufficient to show total dependency on a deceased workman where he provided $5 a week for the support of each of two children, one legitimate and the other illegitimate, and occasionally gave each child money for incidentals, but the grandparents of the legitimate child and the parent of the illegitimate child testified that $5 a week did not support either child. Accordingly, after the jury returned a finding of total dependency, the trial judge properly granted a motion for judgment *n.o.v.* to the effect that the children were not wholly dependent.

In the instant case the children had been living in the orphanage for nine years. The orphanage provided, not only shelter, but also food, clothing, and education. The superintendent of the orphanage, in explaining how it has been maintained by the General German Orphans Association, Inc., testified: "That is a membership organization for people who are interested in providing support for orphan children or dependent children, and this membership will contribute a certain amount of money towards the support of the home. * * * In addition to that some legacies are left to the home from time to time, and the returns from these investments are also used."

There was evidence that the father occasionally gave the children some clothing and spending money. But with these trivial exceptions, he did not contribute anything toward their support, except when he brought them to his home in Havre de Grace for Christmas or for a few days in summer. It was undisputed that the children were not wholly dependent upon their father during the nine years they were living in the orphanage. The children insisted, however, that their father had not actually abandoned them, but had put them in the orphanage temporarily until he could afford to support them. The house in which he and his second wife lived was small. It was owned by his employer, and the rent was only $15 a month. The children vigorously urged

that their father had contemplated purchasing a lot on which to build a house near the fireworks plant so that he could have them live with him again. They believed that if their father had not been killed, he would have been able to purchase the lot within a few months.

Even assuming that the father had planned to build a house, and that there was a possibility that he could have carried out the plan to bring the children back to his home and support them if he had not been killed, we cannot disregard the explicit mandate of the statute that the question of dependency shall be determined from the facts existing at the time of the employee's injury resulting in his death. Code 1951, art. 101, sec. 35(8) (d). As we said in *Meyler v. Mayor and City Council of Baltimore,* 179 Md. 211, 215, 17 A. 2d 762, when the death of a workman ensues from an accidental injury, the right of his dependent to workmen's compensation becomes fixed as of the date of the injury irrespective of any subsequent change of condition.

The record is devoid of any evidence legally sufficient to show that the children were totally dependent upon their father. Therefore, the trial judge erred in overruling the motion of the employer and the insurer for a directed verdict and the motion for a judgment *n.o.v.* We must reverse the judgment entered in the Court below reversing the Commission's award and remand the case for the entry of a judgment affirming the award.

*Judgment reversed and case remanded, with costs.*